# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MARK T. EDDINGSTON, | § | |
| JEFFERY M. DAVIS, | § | |
| ELRIDGE NICHOLAS BOLLICH | § | |
| RAY A. COX and GEORGE GALANIS | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 2:12-CV-00422 |
| | § | |
| V. | § | |
| | § | |
| UBS FINANCIAL SERVICES, INC. | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST AMENDED MOTION FOR
## CLASS CERTIFICATION AND MEMORANDUM OF
## AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle St.
Dallas, TX 75204
(214) 969-9099; (214) 953-0133 (fax)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, CA 90248
(424) 212-7090; (424) 212-7001 (fax)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, TX 75204
(214) 736-4524; (214) 594-5897 (fax)

Brian E. Bro
State Bar No. 03030000
brian@bebroattv.com
Law Offices of Brian E. Bro
3200 SW Freeway, Ste. 2200
Houston, TX 77027
(713) 961-3111; (281) 265-9181(fax)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, P.C.
104 East Houston St., Ste. 300
Marshall, TX 75670
(903) 923-9000; (903) 923-9099 (fax)

COUNSEL FOR PLAINTIFFS

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

MOTION........................................................................................................................... 1

MEMORANDUM OF AUTHORITIES ............................................................................ 6

I. INTRODUCTION ........................................................................................................ 6

II. STATEMENT OF RELEVANT FACTS .................................................................... 6

    A. Factual Overview .................................................................................................. 6

    B. Procedural History................................................................................................. 8

III. LEGAL STANDARD................................................................................................. 8

IV. THE REQUIREMENTS OF RULE 23(a)
    ARE SATISFIED IN THIS CASE ............................................................................. 9

    A. The Proposed Class Is So Numerous
       That Joinder Is Impracticable............................................................................. 10

    B. The Commonality Requirement Is Satisfied .................................................... 11

    C. The Typicality Requirement Is Satisfied.......................................................... 13

    D. The Class Will Be Fairly and Adequately Protected ....................................... 15

V. THE CLASS SHOULD BE CERTIFIED UNDER RULE
    23(b)(1) AND RULE 23(b)(2), OR ALTERNATIVELY,
    UNDER RULE 23(b)(3) .......................................................................................... 16

    A. This Case Presents a Paradigmatic
       Rule 23(b)(2) Class .......................................................................................... 16

    B. Alternatively, The Class May Be Certified
       Under Rule 23(b)(1)......................................................................................... 19

       1. Rule 23(b)(1)(A) ......................................................................................... 19

       2. Rule 23(b)(1)(B) ......................................................................................... 21

    C. Alternatively, The Class May Be Certified
       Under Rule 23(b)(3)......................................................................................... 22

    1.The Predominance Requirement Is Met ....................................................................26

    2.The Superiority Requirement Is Met ......................................................................23

VI. PLAINTIFFS' COUNSEL SATISFY
    THE REQUIREMENTS OF RULE 23(g).............................................................24

VII. CONCLUSION .......................................................................................................25

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ackal v. Centennial Beauregard Cellular L.L.C.,*
    700 F.3d 212 (5th Cir. 2012) ....................................................................................9

*Alabama v. Blue Bird Body Company, Inc.,*
    573 F.2d 309 (5th Cir. 1978) ..................................................................................12

*Alaska Elec. Pension Fund v. Flowserve Corp.,*
    572 F.3d 221 (5th Cir. 2009) ....................................................................................8

*Allison v. Citgo Petroleum Corp.,*
    151 F.3d 402 (5th Cir.1998) ..........................................................................17, 19

*Amara v. CIGNA Corp.,*
    2012 U.S. Dist LEXIS 180355 (D. Conn. Dec. 20, 2012).....................................17

*Amchem Products, Inc. v. Windsor,*
    521 U.S. 591 (1997)..................................................................................14, 15, 19

*Berger v. Compaq Computer Corp.,*
    257 F.3d. 479 ...........................................................................................................14

*Boos v. AT & T, Inc.,*
    252 F.R.D. 319 (W.D. Tex. 2008) ....................................................15, 20, 21, 22

*Castano v. Am. Tobacco Co.,*
    84 F.3d 734 (5th Cir. 1996) ......................................................................................8

*Chuck v. Hewlett Packard Co.,*
    455 F.3d 1026 (9th Cir. 2006) ................................................................................14

*CIGNA Corp. v. Amara,*
    131 S. Ct. 1866 (2011)............................................................................................17

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974)..................................................................................................8

*England v. Marriott International, Inc.,*
    764 F.Supp.2d 761 (D. Md. 2011) ................................................................24

*Forbush v. J. C. Penney Co., Inc.,*
    994 F.2d 1101 (5th Cir. 1993) ................................................................21

*Galvin v. SBC Benson Benefit Plan,*
    204 Fed. App. 335, 338 ................................................................14

*Garcia v. Gloor,*
    618 F.2d 264 (5th Cir. 1980) ................................................................10

*Gen. Tel. Co. of Sw. v. Falcon,*
    457 U.S. 147 (1982) ................................................................8, 13

*Gibb v. Delta Drilling Company,*
    104 F.R.D. 59 (N.D. Tex. 1984) ................................................................15

*Green v. Occidental Petroleum Corp.,*
    541 F.2d 1335 (9th Cir. 1976) ................................................................22

*Hamilton v. First Am. Title Ins. Co.,*
    266 F.R.D. 153 (N.D. Tex. 2010) ................................................................9

*Humphrey v. United Way of Texas Gulf Coast,*
    2007 U.S. Dist LEXIS 59557 (S.D. Tex. Aug. 14, 2007) ................................19, 20, 21

*In re Enron Corp. Secs.,*
    2006 U.S. Dist. LEXIS 43145 (S.D. Tex. 2006) ................................................................13

*In re New Motor Vehicles Canadian Export Antitrust Litig.,*
    522 F.3d 6 (1st Cir. 2008) ................................................................11

*Ingles v. City of New York,*
    No. 01 Civ. 8279, 2003 U.S. Dist. LEXIS 2453 (S.D.N.Y. Feb. 20, 2003) ................................21

*James v. City of Dallas,*
    254 F.3d 551 (5th Cir. 2001) ................................................................10, 13

*Jensen v. Solray Chemicals, Inc.,*
    520 F.Supp.2d 1349 (D. Wyo. 2007) ................................................................14

*Johnson v. Meriter Health Services Employee Retirement Plan,*
    702 F.3d 364 (7th Cir. 2012) (Posner, J.) ................................................................17

*Mezyk v. U.S. Bank Pension Plan,*
    2011 WL 6729570 (S.D. Ill. Dec. 21, 2011) ................................................................17

*Mullen v. Treasure Chest Casino, LLC,*
    186 F.3d 620 (5th Cir. 1999) ...............................................................8, 11

*Ortiz v. Fibreboard Corp.,*
    527 U.S. 815 (1999) ..............................................................................21

*Pender v. Bank of Am. Corp.,*
    269 F.R.D. 589 (W.D.N.C. 2010) ...........................................................21

*Phillips v. Joint Legislative Comm.,*
    637 F.2d 1014 (5th Cir. 1981) ...............................................................10

*Reynolds v. Nat'l Football League,*
    584 F.2d 280 (8th Cir. 1978) .................................................................21

*Rubenstein v. Collins,*
    162 F.R.D. 534 (S.D. Tex. 1995) ...........................................................14

*Sandwich Chef of Texas, Inc. v. Reliance National Indemnity Insurance Company,*
    319 F.3d 205 (5th Cir. 2003) .................................................................22

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.,*
    130 S. Ct. 1431 (2010) ...........................................................................9

*Simmons v. Willcox,*
    911 F. 2d 1077 (5th Cir. 1990) ...............................................................14

*Stoffels v. SBC Communications, Inc.,*
    238 F.R.D. 446 (W.D. Tex. 2006) ...............................................14, 20, 21, 22

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011) ...........................................................................16

*Zipp v. World Mortgage Co.,*
    632 F.Supp.2d 1117 (M. D. Fla. 2009) .....................................................14

**STATUTES**

29 U.S.C § 1032(a)(3) ..........................................................................14

29 U.S.C. § 1053(a)(1) ...........................................................................7

29 U.S.C. § 1053(a)(2)(A)(ii) ..................................................................16

29 U.S.C. § 1053(a)(2)(A)(iii) .................................................................16

29 U.S.C. § 1132(a)(1)(B) ......................................................................14

29 U.S.C. § 1132(a)(3) ...................................................................... passim

Section 1051 of ERISA ..................................................................................................12

Section 1053 of ERISA ........................................................................................... passim

Section 1081 of ERISA ..................................................................................................12

Section 1102 of ERISA ..................................................................................................12

## OTHER AUTHORITIES

1 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 4:7 (4th ed. 2002) ....................21

Fed. R. Civ. P. Rule 23 ........................................................................................... passim

Fed. R. Civ. P. Rule 23(a) ..................................................................6, 8, 9, 11, 15

Fed. R. Civ. P. Rule 23(a)(1) ..................................................................................11

Fed. R. Civ. P. Rule 23(a)(3) ..................................................................................13

Fed. R. Civ. P. Rule 23(a)(4) ..........................................................................14, 15

Fed. R. Civ. P. Rule 23(b) ..................................................................................8, 15

Fed. R. Civ. P. Rule 23(b)(1) ..................................................6, 15, 19, 20, 21

Fed. R. Civ. P. Rule 23(b)(1)(A) ..................................................19, 20, 21

Fed. R. Civ. P. Rule 23(b)(1)(B) ..................................................19, 20, 21

Fed. R. Civ. P. Rule 23(b)(2) ..................................6, 15, 16, 19, 22

Fed. R. Civ. P. Rule 23(b)(3) ..................................15, 22, 23, 24

Fed. R. Civ. P. Rule 23(g) ..................................................................................24

Fed. R. Civ. P. Rule 23(g)(1) ..................................................................................24

Fed. R. Civ. P. Rule 23(g)(1)(C)(i) ..................................................................24

## PLAINTIFFS' FIRST AMENDED MOTION FOR
## CLASS CERTIFICATION AND MEMORANDUM OF
## AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

By their Motion below, Plaintiffs move for class certification of the claims asserted in their First Amended Complaint under the Employee Retirement Insurance Security Act ("ERISA") or, alternatively, Texas law. In support of the Motion, Plaintiffs have attached declarations of themselves and counsel. By their Memorandum of Authorities below, Plaintiffs detail the facts and legal authorities specifically warranting certification.

## MOTION

1.      By their First Amended Complaint, Plaintiffs have asserted, individually and on behalf of similarly situated individuals, a claim under Section 1132(a)(3) of ERISA based upon Defendant's violation of Section 1053 of ERISA in its PartnerPlus Plan for Financial Advisors (the "Plan"). Specifically, Plaintiffs contend that ERISA is applicable to the Plan and that the Plan violates vesting and anti-forfeiture provisions of Section 1053 of ERISA in providing for contributions to the Plan by Defendant ("Firm Contributions") and separate accruals on such Firm Contributions, referred to as Market Interest and Turbo Interest, to be vested other than in accordance with the minimum vesting requirements of Section 1053, and to be subject to forfeiture even if vested and non-forfeitable under Section 1053. If ERISA is held inapplicable to the Plan, and Section 1053 of ERISA is thus also held inapplicable to the Plan, Plaintiffs alternatively claim that forfeiture of such Firm Contributions, Market Interest and Turbo Interest is illegal under Texas law. Plaintiffs seek injunctive relief to prevent continued reliance by Defendant upon the illegal provisions of the Plan as to Plaintiffs and similarly situated individuals.

2.     Plaintiffs specifically seek certification of a plaintiff class (the "Class"), defined as

follows:

a) individuals employed by Defendant as registered representatives in the United States who left the employment of Defendant prior to January 1, 2011 and who are alleged by Defendant to have forfeited Firm Contribution, Market Interest and Turbo Interest that if the Plan was governed by ERISA would not be forfeitable; or

b) in the event ERISA is held inapplicable to Plaintiffs' claim, individuals employed by Defendant as registered representatives in Texas who left the employment of Defendant prior to January 1, 2011 and who are alleged by Defendant to have forfeited Firm Contribution, Market Interest and Turbo Interest that is not forfeitable under Texas law.

3.     Plaintiffs are entitled to class certification under Rule 23 of the Federal Rules of

Civil Procedure because:

(a)     as required by Rule 23(a)(1)-(4),

(1)     the class of employees who have been subject to Defendant's wrongful

conduct is so numerous that joinder of all members is impracticable.

(2)     there are questions of fact or law common to the class.

(3)     the claim of Plaintiffs is typical of the claim of the class.

(4)     Plaintiffs and their counsel will fairly and adequately protect the interests

of the class.

(e)     pursuant to Rule 23(b)(1)-(3):

(1)     certification is appropriate because (A) the prosecution of separate actions

by individual members of the class would create a risk of inconsistent or

varying adjudications with respect to individual members of the class

which would establish incompatible standards of conduct for Defendant,

or (B)  adjudications with respect to individual members of the class

would as a practical matter be dispositive of the interests of the other members of the class not parties to the adjudication or substantially impair or impede their ability to protect their interests; or

(2)    Defendant has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3)    the questions of law or fact common to members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

4.    The proposed Class has been stipulated by Defendant as meeting the requirement of numerosity under Rule 23(a)(1) and it is otherwise apparent that it meets the requirement because of the size and geographic dispersion of the members of the Class.

5.    This action satisfies the commonality of issues requirement under Rule 23(a)(2) because it raises uniform, Class-wide legal and factual questions whether the Plan violated Section 1053 of ERISA, if ERISA is held applicable to the Plan, or Texas law, if ERISA is not applicable, and whether the Court should grant the Class relief. There are no individualized

issues of proof on any elements of the ERISA claim of Plaintiffs and other member of the Class or, if ERISA is held inapplicable, on any elements of the Texas law claim of Texas Plaintiffs and other Texas members of the Class. There is a single document, the Plan, that purports to affect all Class members, and Plaintiffs' claim under ERISA is that the Plan is subject to ERISA, including the vesting and anti-forfeiture provisions of Section 1053 of ERISA, and that it violates Section 1053 as to the entire Class. Defendant defends the merits of Plaintiffs' claim on the non-individualized basis that ERISA is inapplicable to the Plan or, even if ERISA is applicable in some respects, Section 1053 of ERISA is inapplicable to the Plan as to the entire Class. As to the alternative Texas claim of Texas Plaintiffs and other Texas members of the Class, the claim of all such Plaintiffs and members of the Class is likewise identical. Further, the ERISA and alternative Texas claims of Plaintiffs and the Class concern only the Plan, not the conduct of any Plaintiff or Class member or even conduct of Defendant other than related to the Plan.

6. Plaintiffs meet the typicality requirement of Rule 23(a)(3) because there is no aspect of the ERISA claim of Plaintiffs distinct from that of other members of the Class and no aspect of the Texas law claim of Texas Plaintiffs distinct from that of other Texas members of the Class.

7. Plaintiffs and their counsel satisfy the fair and adequate representation requirement of Rule 23(a)(4) based on Plaintiffs' membership in the Class as financial advisors of Defendant and readiness to be representative members of the Class and the experience of Plaintiffs' counsel in cases governed by ERISA and in class actions.

8.     Certification is appropriate under Rule 23(b)(1)(A) or (B) or Rule

23(b)(2). Alternatively, if the Court does not deem a class action appropriate under those

provisions, certification is appropriate under Rule 23(b)(3) or a combination of Rule 23(b)(2) and

(b)(3). Certification under Rule 23(b)(1) and/or (b)(2) is preferred over certification of a Rule 23

(b)(3) class action since such class actions have superior *res judicata* effects because they

generally do not permit optouts.

MEMORANDUM OF AUTHORITIES

## I. INTRODUCTION

Plaintiffs have moved the Court for an order pursuant to Fed. R. Civ. P. Rule 23(a) and (b)(1) and (b)(2), or alternatively (b)(3), certifying this action as a class action on behalf of the following class:

> c) individuals employed by Defendant as registered representatives in the United States who left the employment of Defendant prior to January 1, 2011 and who are alleged by Defendant to have forfeited Firm Contribution, Market Interest and Turbo Interest that if the Plan was governed by ERISA would not be forfeitable; or

> d) in the event ERISA is held inapplicable to Plaintiffs' claim, individuals employed by Defendant as registered representatives in Texas who left the employment of Defendant prior to January 1, 2011 and who are alleged by Defendant to have forfeited Firm Contribution, Market Interest and Turbo Interest that is not forfeitable under Texas law.[1]

or the beneficiaries of any of the persons described above.

Plaintiffs hereby request that the Court grant certification of Plaintiffs' proposed class. As discussed below, class certification is appropriate here because the requirements of Rule 23(a) and Rules 23(b)(1), (b)(2), or (b)(3) are satisfied.

## II. STATEMENT OF RELEVANT FACTS

### A. Factual Overview

Plaintiffs are former employees of UBS Financial Services, Inc. or its predecessors ("UBS" or "Defendant") where they worked as financial advisors. While they were UBS employees,

---

[1] Plaintiffs do not otherwise, in this memorandum of authorities, separately address the proposed alternative class on their claim under Texas law. Class certification of such an alternative class is warranted for the same reasons set forth in this memorandum as to their claim under ERISA. Plaintiffs are prepared to submit additional briefing on that issue if the Court desires.

each Plaintiff agreed to participate in the UBS PartnerPlus Plan for Financial Advisors (the "Plan"). Plaintiffs' claims arise out of the Plan as it existed prior to January 1, 2011.

The Plan worked roughly as follows. Participants held an "account" in the plan that could be filled with employer contributions (referred to as "Firm Contributions") and/or employee contributions (referred to as "Voluntary Contributions"). For four years, the money was appreciated at an interest rate equal to four times the applicable market rate (referred to by the Plan as the "Turbo Interest" benefit). After four years, a participant's money in the UBS Pension Plan was appreciated at the applicable market rate (referred to as the "Market Interest" benefit). Thus, at any time, a participant's account balance consisted of (1) Firm Contributions, (2) Voluntary Contributions, (3) accumulated Turbo Interest, and (4) accumulated Market Interest.

The Plan is clear (as ERISA requires) that all monies in a participant's account consisting of Voluntary Contributions were immediately vested and non-forfeitable. *See also* 29 U.S.C. § 1053(a)(1). The dispute in this case applies to treatment of the monies attributable to (1) Firm Contributions and (2) the accumulated Turbo and Market Interest earned on *both* Firm and Voluntary Contributions. Those monies - according to UBS and its illegal plan – are *not* available to plan participants unless (1) they remain employed at UBS for longer than ERISA requires for vesting purposes, and (2) they sign non-competition agreements, which ERISA bars as a condition for receiving pension monies.

The illegal means relied on by Defendant to deny Plaintiffs their pension monies are expressed as terms of the Plan. Because the Plan uses illegal terms, Plaintiffs now seek relief under 29 U.S.C. § 1132(a)(3), which permits participants to obtain injunctive and other equitable relief. 29 U.S.C. § 1132(a)(3) (authorizing a civil action by a participant (A) "to enjoin any act

or practice which violates any provision of this subchapter or the terms of the plan" or (B) "to obtain other appropriate equitable relief"). *See also* First Amended Complaint, ¶20 (Dkt. No. 20).

### B. Procedural History

On August 3, 2012, Plaintiffs filed their original Complaint in this action against the Defendant on behalf of themselves and other individuals similarly situated. (Dkt. No. 1) The Complaint alleged a common claim under ERISA. *Id.*, ¶20.[2] The Complaint also alleged that this action should be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. *Id,* ¶22. On September 19, 2012, Plaintiffs filed their First Amended Complaint (Dkt. No. 20). It alleged the same. *Id.*

## III. LEGAL STANDARD

Certification of a class is appropriate where the party seeking certification demonstrates that the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are satisfied. Fed. R. Civ. P. 23; *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999).

The Rule 23 analysis "must focus on the requirements of the rule" and should not involve a "preliminary inquiry into the merits" of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 229 (5th Cir. 2009). "A district court certainly may look past the pleadings to . . . understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the

---

[2] Plaintiffs' Complaint also alleges an alternative claim under Texas state law, which will apply in the event that the Court finds that the Plan is not governed by ERISA.

certification issues." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). "Sometimes[, however,] the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . ." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

"The decision to certify is within the broad discretion of the court, but that discretion must be exercised within the framework of Rule 23." *Ackal v. Centennial Beauregard Cellular L.L.C.*, 700 F.3d 212, 215 (5th Cir. 2012). As the Supreme Court recently clarified, if the elements of Rule 23 are satisfied, a district court does not have discretion to deny certification of the class. *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010) (rejecting argument that court has discretion to deny class certification because "[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action"). Any doubts about whether a class should be certified should be resolved in favor of certification. *Hamilton v. First Am. Title Ins. Co.*, 266 F.R.D. 153, 158 (N.D. Tex. 2010) (citing *Horton v. Goose Creek Independent School Dist.*, 690 F.2d 470, 487 (5th Cir. 1982); *Bywaters v. United States*, 196 F.R.D. 458, 463 (E.D.Tex. 2000); *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D. 200, 204 (N.D.Tex. 1997) ("In doubtful cases, judges should exercise their discretion in favor of certification.")). In this case, all of the elements of Rule 23 are satisfied and this case should be certified as a class action.

## IV. THE REQUIREMENTS OF RULE 23(a) ARE SATISFIED IN THIS CASE.

Rule 23(a) sets forth four prerequisites for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses

of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Here, these requirements are all met.

### A. The Proposed Class Is So Numerous That Joinder Is Impracticable.

In this case, UBS has stipulated that the requirement of numerosity under Rule 23 has been met. *See* Goodman Declaration, ¶8.[3] In an abundance of caution, however, Plaintiffs will briefly address the issue:

Numerosity is satisfied when the class is so numerous that joinder of all members is impracticable (i.e., extremely difficult or inconvenient). *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980). No specified number is needed to maintain a class action. Rather, practicality of joinder depends on several factors, including: (1) the size of class, (2) ease of identifying and serving its members, (3) their geographic dispersion, and (4) whether individual claims are so small as to inhibit a class member from pursuing his own interest. *James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001). And, as the Fifth Circuit has made clear: "[t]he proper focus is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors." *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1022 (5th Cir. 1981).

It is clear that the proposed class consists of persons so numerous that joinder of all members is impracticable.[4] *See, e.g.*, Bollich Declaration, ¶2 (noting that hundreds of registered

---

[3] Plaintiffs have asked UBS to identify the number of potential members of the Class. Goodman Declaration, ¶8. Due to alleged difficulties in obtaining the information, Defendant has not yet provided it, but has promised to do so by March 19, 2013. *Id.* In any event, Rule 23 does not require a plaintiff to prove the exact number of class members. *See* NEWBERG & A. CONE, NEWBERG ON CLASS ACTIONS §§ 3.20, 3.5 (4th ed. 2003).

representatives of Defendant left the employment of Defendant prior to January 1, 2011 and necessarily suffered forfeitures of Firm Contributions, Market Interest and Turbo Interest accrued under the Plan); Bro Declaration, ¶6 (noting that Defendant has admitted that thousands of registered representatives were in its employment prior to January 1, 2011 and were susceptible to forfeiture of Firm Contributions, Market Interest and Turbo Interest accrued under the Plan). Accordingly, there can be no doubt that the numerosity requirement of Rule 23(a)(1) is satisfied.

### B. The Commonality Requirement Is Satisfied.

To demonstrate commonality, Plaintiffs must allege that there exist "questions of law or fact common to the class." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999). This requirement is not onerous. *Id.* The inquiry is not whether common questions of law or fact predominate, but only whether such questions exist. The commonality requirement is a "low bar," and "courts have generally given it a permissive application." *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008). The undemanding commonality test of Rule 23(a) is met when there is "at least one issue whose resolution will affect all or a significant number of the putative class." *Forbush v. J. C. Penney Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (holding that the plaintiffs had met the commonality requirement despite the fact that four different pension plans were involved). The requirement is not defeated by minor differences in the underlying facts of an individual case. *Id.*

---

[4] As Plaintiffs have alleged, the Class consists of former employees of Defendant at various locations throughout Texas and outside Texas as well as former employees without knowledge of the existence of their claims. First Amended Complaint, ¶ 22(a). Similarly, Plaintiffs have alleged that potential retaliation against employees who would assert claims and considerations of judicial economy also dictate a finding that joinder is impracticable. *Id.*

In this case, the claim asserted by Plaintiffs does not require the Court to engage in any individualized analysis. It is a single claim. As reflected in Plaintiff's Amended Complaint, the liability issues are all subject to uniform determination as to the entire Class. Those issues are (a) whether the Plan is governed by ERISA, (b) whether the Plan is an individual account pension plan subject to Section 1053 of ERISA, and (c) and whether the Plan violates Section 1053 of ERISA.

The remedy for Defendant's asserted violation of ERISA is also subject to uniform determination as to the entire Class. The only question is whether Plaintiffs are entitled to injunctive relief against Defendant's enforcement of illegal provisions of the Plan under 29 U.S.C § 1132(a)(3), which authorizes a participant "to enjoin any act or practice which violates any provision of [ERISA] . . . . or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA . . . ."[5]

Accordingly, the commonality element is unquestionably met. All disputed questions of law and fact are subject to generalized proof and otherwise common to the entire class. *See Alabama v. Blue Bird Body Company, Inc.*, 573 F.2d 309, 320 (5th Cir. 1978) (concluding that "an issue common to the class" is one that is "subject to generalized proof," not one that is "unique to each class member").[6]

---

[5] Admittedly, each Plaintiff or other Class Member must establish his or her membership in the Class. That, however, requires only that each Plaintiff prove he or she left the employment of Defendant as a registered representative prior to January 1, 2011 and was subject to forfeiture of Firm Contributions, Market Interest and Turbo Interest. There is no issue of any individual Plaintiffs' intent or reliance of any kind nor any issue of causation related to any act or omission of any individual Plaintiff or other Class Member.

[6] Defendants' answer to Plaintiffs' First Amended Complaint reflects that its affirmative defenses on the merits of Plaintiff's ERISA claim are likewise subject to generalized proof and PLAINTIFFS' FIRST AMENDED MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION - Page 12

## C. The Typicality Requirement Is Satisfied.

Rule 23(a)(3) requires that the claims asserted by a plaintiff on behalf of a class be typical of the claims of other class members. The analysis under this requirement overlaps and "tend[s] to merge" with the requirement of commonality, because both "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated." *General Telephone Co. v. Falcon*, 457 U.S. 147, 157 (1982).

In assessing typicality, the basic question is whether the claims of a class representative and class members are based on the same legal or remedial theory. To meet the typicality requirement, class representatives should have the same interests and have suffered the same injuries as others in the putative class, but the class representatives and other class members' claims need only share the same essential characteristics (*i.e.*, arise from a similar course of conduct and share the same legal theories). *James*, 254 F.3d at 571; *In re Enron Corp. Secs.*, 2006 U.S. Dist. LEXIS 43145, *50 (S.D. Tex. 2006).

---

legal conclusions as to the entire Class. Defendant's Answer and Additional Defenses to Plaintiffs' First Amended Complaint, Defendant's Additional Defenses, ¶¶ 4, 5. (Dkt. No. 50). Those defenses are (a) that the Plan is not an employee pension plan subject to Section 1053 of ERISA, *id.*, ¶4 and (b) that even if the Plan is an employee pension plan, it is a "top hat" plan – exempt from the restrictions of Section 1053. *Id.*, ¶5. A "top hat" plan is an unfunded plan maintained primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees within the meaning of Section 1051, 1081 and 1102 of ERISA. At the appropriate time, Plaintiffs will establish that the Plan does not meet the requirements for "top hat" status under ERISA. At this juncture, the only relevant point is this: *whether* the Plan qualifies for "top hat" status is unquestionably an issue that is ideal for class resolution.

In this case, there are no differences between the claim of the Plaintiffs and that of other members of the Class. Plaintiffs assert no other claim against Defendant other than that shared with the Class. Eddingston Declaration, ¶4; Davis Declaration, ¶4;Bollich Declaration, ¶4; Cox Declaration, ¶4. And, even if Defendant were able to identify some factual difference between the claim of Plaintiffs and the potential claims of other members of the Class, that would not be enough to destroy typicality. Claims need not be completely identical to satisfy the typicality requirement. *James*, 254 F.3d at 571. Here, there is no reason to believe that there are any factual or legal issues that are not common to every single member of the putative class. As such, the requirement of typicality under Section 23(a)(3) is conclusively satisfied. *See, e.g.*, *Stoffels v. SBC Communications, Inc.*, 238 F.R.D. 446, 453 (W.D. Tex. 2006) ("Course of conduct challenged and the legal theories behind are shared by all and therefore, typical.").[7]

---

[7] While UBS asserts a defense of lack of exhaustion of administrative remedies Defendant's Answer and Additional Defenses to Plaintiffs' First Amended Complaint, Defendant's Additional Defenses, ¶2. (Dkt. No. 50), UBS cannot attack Plaintiffs' motion for class certification on that basis. Such a requirement is not applicable to Plaintiffs' claim under Section 1132(a)(3) of ERISA because it is not a benefits claim under Section 1132(a)(1)(B) or a disguised benefits claim parading as a breach of fiduciary duty claim under Section 1132(a)(2). *See, e.g.*, *Simmons v. Willcox*, 911 F. 2d 1077, 1081 (5th Cir. 1990); *Galvin v. SBC Benson Benefit Plan*, 204 Fed. App. 335, 338 (5th Cir. 2006). *See also Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1035 (9th Cir. 2006) (holding exhaustion requirement inapplicable to claim under 29 U.S.C § 1032(a)(3) because claim was one governed by the terms of the plan, not ERISA); *Zipp v. World Mortgage Co.*, 632 F.Supp.2d 1117, 1120-21 (M. D. Fla. 2009) (same); *Jensen v. Solray Chemicals, Inc.*, 520 F.Supp.2d 1349, 1356 (D. Wyo. 2007) (same).

### D. The Class Will Be Fairly and Adequately Protected.

Before certifying a class, the Court must find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement has two related elements: (1) the interests of the named plaintiffs must be aligned with those of the class members; and (2) class counsel must be qualified, experienced and generally capable of serving the interests of the entire class. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). Representation is adequate if: (1) the named plaintiffs' interests are not opposed to those of other class members, and (2) the plaintiffs' attorneys are qualified, experienced and able to conduct the litigation. *Berger v. Compaq Computer Corp.*, 257 F.3d. at 479. Both prongs of the adequacy test are readily satisfied here.

First, there is nothing to suggest that any of the Plaintiffs has an interest antagonistic to the Class. As indicated in the discussion of typicality, Plaintiffs assert no claim other than one held by the remainder of the Class. And, as evidenced by Plaintiffs' declarations, they are ready and able to perform their duties as class representatives. *Rubenstein v. Collins*, 162 F.R.D. 534, 538-39 (S.D. Tex. 1995). Eddingston Declaration, ¶3; Davis Declaration, ¶3;Bollich Declaration ¶3, ¶3; Cox Declaration, ¶3.

Second, Plaintiffs have retained sophisticated counsel with extensive experience litigating complex ERISA disputes as well as similar class and collective actions. Goodman Declaration, ¶¶5-6; Stris Declaration, ¶¶4-6. Plaintiffs' counsel have the resources necessary to pursue this action on a contingency-fee basis and to advance necessary expenses, including the expense of notice to the Class if so ordered. Goodman Declaration, ¶9. And, as evidenced by the litigation of Defendant's motion to dismiss and compel arbitration, Plaintiffs' counsel has already

demonstrated its competence and commitment to pursing this action on behalf of all members of the Class.[8] Thus, there is adequacy of representation as required by Rule 23(a)(4).

## V. THE CLASS SHOULD BE CERTIFIED UNDER RULE 23(b)(1) AND RULE 23(b)(2), OR ALTERNATIVELY, UNDER RULE 23(b)(3).

In addition to satisfying the requirements of Rule 23(a), a proposed class action must satisfy one of the subsections of Rule 23(b). *Amchem*, 521 U.S. at 614. While only one of the conditions of Rule 23(b) must be satisfied in order to warrant class certification, if the requirements of more than one of the alternatives are met, then the court may certify the action under each prong that is satisfied. *Boos v. AT & T, Inc.*, 252 F.R.D. 319, 326 (W.D. Tex. 2008) (certifying class under Rule 23(b)(1) and Rule 23(b)(2). Here, the requirements of Rule 23(b)(1) and (b)(2) are met, and certification under either or both – or alternatively under Rule 23(b)(3) – is proper.

### A. This Case Presents a Paradigmatic Rule 23(b)(2) Class.

The Court may certify Plaintiffs' class under Rule 23(b)(2) upon a showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. Rule 23(b)(2). A claim for monetary relief may also be certified under Rule 23(b)(2) if it is "incidental" to the declaratory or injunctive relief

---

[8] Absent contrary proof, class counsel are presumed competent and sufficiently experienced to prosecute the action on behalf of the class. *See Gibb v. Delta Drilling Company*, 104 F.R.D. 59, 75 (N.D. Tex. 1984) ("It is significant here that defendants have not challenged the competence of counsel for the proposed class. . . . This is relevant because inquiries into the professional competence of their counsel inevitably merge into the broader issue of whether the representatives and their counsel together will sufficiently serve the interests of absent class members.").

sought. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2560 (2011). Monetary relief is

incidental if it entails "damages that flow directly from liability to the class *as a whole* on the

claims forming the basis of the injunctive or declaratory relief." *Id.* (emphasis in original)

(quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir.1998)).

As an initial matter, Plaintiffs' claim for injunctive relief is indisputably common to all

members and injunctive relief is appropriate for the class as a whole. The claim is

straightforward: Plaintiffs allege that the UBS Plan contains terms that are illegal under ERISA.[9]

UBS relied on these illegal provisions to deny Plaintiffs benefits under the Plan (*i.e.*, UBS "has

acted . . . on grounds applicable to the class"). Now, as a remedy, Plaintiffs seek an injunction

prohibiting UBS from enforcing those illegal terms. Such an injunction would benefit all class

members.

As a result of the entry of such an injunction, Plaintiffs will receive incidental monetary

relief. Since *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), courts have uniformly held that

monetary relief inuring to plaintiffs as a result of reformation, or declaratory and injunctive

relief, is incidental. *See Johnson v. Meriter Health Services Employee Retirement Plan*, 702

---

[9] Specifically, Plaintiffs' allege that the Plan contains unlawful forfeiture provisions. An employer may comply with ERISA's nonforfeitability requirements by satisfying one of two alternative grounds set forth in 29 U.S.C. § 1053(a)(2)(A)(ii) and 1053(a)(2)(A)(iii). The Plan complies with neither. *Compare* 29 U.S.C. § 1053(a)(2)(A)(ii) (providing that the right to 100 percent of employer contributions must be nonforfeitable after *5 years* of service); the Plan provides that the right to 100 percent of employer contributions is nonforfeitable only after *10 years* of service. *Compare also* 29 U.S.C. § 1053(a)(2)(A)(iii) (providing that employer contributions must vest according to the following table: 3 years/20 percent; 4 years/40 percent; 5 years/60 percent; 6 years/80 percent; 7 years or more/100 percent); the Plan provides for vesting according to the following table: 6 years/20 percent; 7 years/40 percent; 8 years/60 percent; 9 years/80 percent; 10 years/100 percent).

F.3d 364 (7th Cir. 2012) (Posner, J.); *Amara v. CIGNA Corp.*, 2012 U.S. Dist LEXIS 180355,

*55-58 (D. Conn. Dec. 20, 2012); *Mezyk v. U.S. Bank Pension Plan*, 2011 WL 6729570, at *2

(S.D. Ill. Dec. 21, 2011). The Seventh Circuit, in *Johnson*, explained the issue as follows:

> [A claim for reformation entails] a declaration of the rights that the plan confers and an injunction ordering [the defendant] to conform the text of the plan to the plan. If once that is done the award of monetary relief will just be a matter of laying each class member's pension-related employment records alongside the text of the reformed plan and computing the employee's entitlement by subtracting the benefit already credited it to him from the benefit to which the reformed plan document entitles him, *the monetary relief will truly be merely "incidental" to the declaratory and (if necessary) injunctive relief* (necessary only if [the defendant] ignores the declaration).

*Id.* at 371 (emphasis added). Here, the calculation of monetary relief involves the same process

described by Judge Posner in *Johnson*. Indeed, UBS or a UBS representative has already

computed the amount to which each participant would be entitled under the Plan if its forfeiture

provisions are deemed to be unlawful. Bro Declaration, ¶8. In other words, the monetary relief

in this case does "not depend[] in any *significant* way on the 'subjective differences' of each

class member's individual circumstances." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415

(5th Cir. 1998) (emphasis in original).[10] Because class-wide monetary relief would directly flow

to plan participants as a result of an injunction prohibiting enforcement of the unlawful terms of

the Plan, any monetary relief Plaintiffs receive will truly be incidental. Accordingly, the class is

suitable for certification under Rule 23(b)(2).

---

[10]   And in the event that the court is concerned that some individual members may be harmed by class-wide monetary relief, the court can order divided certification of Plaintiffs' class. *See Johnson*, 702 F.3d at 371. "This would mean [conducting a Rule 23](b)(2) proceeding first [on the issue of liability], and if the plaintiffs obtain declaratory relief [conducting a Rule 23](b)(3) proceeding (where notice and the right to opt out are mandatory) [on the issue of damages] to follow." *Id.*

## B. Alternatively, the Class may Be Certified Under Rule 23(b)(1).

Rule 23(b)(1) applies where prosecuting separate actions by or against individual class members would create a risk of:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. Rule 23(b)(1). In this case, class certification is appropriate under both Rule 23(b)(1)(A) and Rule 23(b)(1)(B).

### 1. Rule 23(b)(1)(A)

Certification under Rule 23(b)(1)(A) is proper when one person has duties toward numerous persons, and a determination of individual claims on a one-by-one basis might create conflicting or varying adjudications in different lawsuits. *See* Notes of Advisory Committee on Rules – 1966 Amendment. As an example, the Advisory Notes explain that Rule 23(b)(1)(A) should be used to achieve a "unitary adjudication" when an individual seeks a determination concerning particular rights or duties that affect other individuals. *Id.* The Supreme Court has explained that Rule 23(b)(1)(A) applies where a party "is obliged by law to treat members of the class alike" or must do so by practical necessity. *Amchem*, 521 U.S. at 614. *See also Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 412 (5th Cir. 1998) ("The [Rule 23](b)(1) class action encompasses cases in which the defendant is obliged to treat class members alike.").

Under ERISA, plan administrators must treat all similarly situated members alike. *See Humphrey v. United Way of Texas Gulf Coast*, 2007 U.S. Dist LEXIS 59557, at 35 (S.D. Tex.

Aug. 14, 2007) (citing *In re Citigroup Pension ERISA Litig.*, 241 F.R.D. 172, 179-80 (S.D.N.Y. 2006)). It is thus unsurprising that courts have consistently found certification appropriate under Rule 23(b)(1)(A) in circumstances such as those here.

To be clear: this case presents two core issues. The first is whether the UBS Plan is, in fact, an ERISA-governed pension plan. The second (assuming the Court finds in the affirmative on the first issue) is whether the UBS Plan is subject to Section 1053 of ERISA or is instead a "top hat" plan, not subject to Section 1053 of ERISA.

In cases involving disputes about whether ERISA applies to the parties' agreement, courts regularly certify classes under Rule 23(b)(1)(A) to avoid inconsistent adjudications with respect to individual class members. *See, e.g., Boos v. AT&T Inc.*, 252 F.R.D. 319, 325 (W.D. Tex. 2008); *Stoffels v. SBC Communications, Inc.*, 238 F.R.D. 446, 457 (W.D. Tex. 2006). The reason for this is straightforward: separate suits risk that the Defendant will be obligated to provide benefits (in compliance with ERISA) to some participants but not to others. See *Boos*, 252 F.R.D. at 325; *Stoffels*, 238 F.R.D. at 457. Here, the question of whether ERISA applies unquestionably creates such a risk.

In cases involving disputes about the computation of benefits, courts also regularly confirm classes under Rule 23(b)(1) to avoid inconsistent adjudications. *Pender v. Bank of Am. Corp.*, 269 F.R.D. 589, 598 (W.D.N.C. 2010) ("ERISA cases in which plaintiffs challenge the computation of benefits are often certified under Rule 23(b)(1)(A)"). Again, the reason for this is obvious: separate suits risk that the Defendant will be obligated to provide greater benefits to some participants than others. *See, e.g., Humphrey*, 2007 U.S. Dist. LEXIS 59557 at *35-37 (holding Rule 23(b)(1)(A) certification proper because "individual suits might lead to conflicting

orders" under which the defendant would be obligated to pay members with identical plans different amounts in benefits. "This is precisely the type of incompatible conduct that Rule 23(b)(1)(A) aims to prevent."). *Boos*, 252 F.R.D. at 325; *Stoffels*, 238 F.R.D. at 457. Here, the question of whether Section 1053 of ERISA applies indisputably creates such a risk.

Accordingly, the class is suitable for certification under Rule 23(b)(1)(A). [11]

## 2. Rule 23(b)(1)(B)

Rule 23(b)(1)(B) is appropriate for *any lawsuit*, which, if litigated individually, rather than as a class, "would have the practical if not technical effect of" concluding or impairing the interests of persons who are not parties to the lawsuit. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999). Indeed, Rule 23(b)(1)(B) applies where "*any* individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Id.* (emphasis added). For example, the Eighth Circuit approved certification in an action challenging various rules and practices of the NFL because "any change in league rules and practices would uniformly be applied to all players" as a matter of practical necessity. *Reynolds v. Nat'l Football League*, 584 F.2d 280, 283-84 (8th Cir. 1978).

---

[11] Certification is appropriate under Rule 23(b)(1)(A) even if UBS objects. A party cannot waive the protections of Rule 23. *Humphrey*, 2007 U.S. dist. LEXIS 59557, at 38-39 ("Neither the text of Section 23(b)(1) (A) nor the accompanying Advisory Committee's Notes supports the creation of an express right to waive certification under this subdivision. This section does not exist only to benefit the non-class party: 'clearly all litigants as well as the courts benefit from consistency in the adjudication of claims of individual class members.' *Ingles v. City of New York*, No. 01 Civ. 8279, 2003 U.S. Dist. LEXIS 2453, at *21 (S.D.N.Y. Feb. 20, 2003). The court also finds persuasive Professor Newberg's arguments on the topic: '[T]he Advisory Committee Notes to Rule 23 contain no support for the view that the party opposing the class is the exclusive beneficiary of subdivision (b)(1)(A). Certainly the needs of the judicial system to avoid inconsistent adjudications of a single controversy must be respected, despite the willingness of a litigant to assume this risk.' 1 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 4:7 (4th ed. 2002)").

Here, class certification under Rule 23(b)(1)(B) is appropriate for the same reasons that certification under Rule (b)(1)(A) is appropriate. Namely, the disposition of the two core issues in this case through individual adjudication may, as a practical matter, result in the disuniform distribution of benefits to participants of the Plan (which is prohibited under ERISA). Accordingly, the class is suitable for certification under Rule 23(b)(1)(B)

### C. Alternatively, the Class may Be Certified Under Rule 23(b)(3).

A case should be certified under Rule 23(b)(3) only if the court concludes that the requirements of Rule 23(b)(1) or (2) are not met. *Green v. Occidental Petroleum Corp.*, 541 F.2d 1335, 1340 (9th Cir. 1976) ("[I]n cases where (b)(1) and (b)(3) apply, (b)(1) is held to govern to avoid the multiplicity of suits." (citing *Mungin v. Florida E. Coast Ry.*, 318 F.Supp. 720, 730 (M.D.Fla. 1970), *aff'd per curiam*, 441 F.2d 728 (5th Cir. 1971)). Where certification is sought pursuant to Rule 23(b)(3), the court must find "that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In the unlikely event that the Court finds that Plaintiffs' claims are not amenable to class certification under Rules 23(b)(1) and (2), certification of the Plaintiffs' class under Rule 23(b)(3) would be appropriate.[12]

---

[12] Additionally, if Court finds concern that class-wide monetary relief under Rule 23(b)(2) may prejudice individual members, divided certification of Plaintiffs' claims (with Plaintiffs' claims for monetary relief certified under Rule 23(b)(3)) would be appropriate. *See supra* p. 14 n.10 (citing *Johnson*, 702 F.3d at 371).

## 1. The Predominance Requirement Is Met.

The central task of the predominance inquiry is to consider "how a trial on the merits would be conducted if a class were certified." *Sandwich Chef of Texas, Inc. v. Reliance National Indemnity Insurance Company*, 319 F.3d 205, 218 (5th Cir. 2003). Here, Plaintiffs' claims require the resolution of only purely legal questions (*i.e.*, whether the Plan is governed by ERISA and whether Section 1053 of ERISA applies). Individualized factual determinations will be unnecessary;[13] each member seeks relief on claims arising from the same conduct (i.e., Defendant's denial of Plaintiffs' benefits pursuant to illegal plan provisions), each member was treated identically, and each member was subject to the same Plan. Common issues do not merely predominate, they are the only issues. *Boos*, 252 F.R.D. at 325-26 (W.D. Tex. 2008) ("Plaintiffs seek the same relief under the same legal theories on behalf of the entire class, thereby working under a common issue of law."); *Stoffels*, 238 F.R.D. at 458. As a result, the predominance test is met.

## 2. The Superiority Requirement Is Met

Rule 23(b)(3) provides four factors to consider when determining whether a class action is superior to other methods of adjudication: "(1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action." Fed. R. Civ. P. Rule 23(b)(3). At its core, the issue is

---

[13] And to the extent that the claims of some members do require individualized consideration, those members are protected by the procedural safeguards of Rule 23(b)(3).

whether a class action would be an efficient means of adjudicating the claim. *Boos*, 252 F.R.D. at 324.

Here, class resolution is the superior mode for the fair and efficient adjudication of Plaintiffs' claims. First, Plaintiffs' claims involve two straightforward legal questions: (1) whether the Plan is governed by ERISA and (2) whether that Plan violates ERISA. If Plaintiffs prove these issues in the affirmative, this Court may grant equitable relief applicable to the entire Class pursuant to 29 U.S.C. § 1132(a)(3). As a result, the interests of other members in individually controlling the prosecution of separate actions are virtually nonexistent. Second, there is a clear lack of other pending litigation on this matter. Indeed, Plaintiffs are aware of only one other lawsuit involving a potential member of Plaintiffs' Class. *See* Goodman declaration, ¶10.[14] Third, class adjudication in the pending forum is desirable because the Court's determinations on the legal questions presented in this case will result in the uniform distribution of benefits under the Plan (as required by ERISA). And finally, no class management issues are likely to arise because the Class members are readily identifiable.

Accordingly, the class is suitable for certification under Rule 23(b)(3).

## VI. PLAINTIFFS' COUNSEL SATISFY THE REQUIREMENTS OF RULE 23(g).

When certifying a class, a court must also appoint class counsel under Rule 23(g). That section provides that a court appoint class counsel who will "fairly and adequately represent

---

[14] There are arbitrations pending against Defendant on the same theory as this action, but all by individuals either clearly outside the Class (because they left Defendant's employment after January 1, 2011) or not clearly within it (because they left Defendant's employment before the fourth anniversary prior to the filing of this action). Bro Declaration, ¶5. *See England v. Marriott International, Inc.*, 764 F.Supp.2d 761, 769-70 (D. Md. 2011) (statute of limitations in Section 1132(a)(3) action governed by forum breach of contract limitation period

PLAINTIFFS' FIRST AMENDED MOTION FOR
CLASS CERTIFICATION AND MEMORANDUM OF
AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION - Page 24

the interests of the class." Fed. R. Civ. P. Rule 23(g)(1). Rule 23(g) also requires the court to consider the following four factors in appointing class counsel: "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class." Fed. R. Civ. P. Rule 23(g)(1)(C)(i).

Plaintiffs seek appointment of their counsel as class counsel under Rule 23(g) of the Federal Rules of Civil Procedure. Plaintiffs' counsel's experience, reflected in their declarations and the filings made in this action to date, show the intensity of their work toward prosecuting Plaintiffs' claims, their knowledge and experience in ERISA, and their commitment to the action. Goodman Declaration, ¶¶3, 5-7, 9; Stris Declaration, ¶¶3-6, 9, 11-12. This evidence shows that they are qualified to fairly and adequately represent the interests of the class. Accordingly, Plaintiffs' counsel should be appointed as class counsel.

## VII. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion for Class Certification.

---

[in the case of Texas, four years]. Such arbitration claimants are accordingly irrelevant to the Court's inquiry.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099
(214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, CA 90248
(424) 212-7090; (424) 212-7001 (fax)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, TX 75204
(214) 736-4524; (214) 594-5897 (fax)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111
(281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000
(903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record through this Court's electronic filing system this 7th day of March, 2013 as follows:

Charles C. Jackson
Deborah S. Davidson
Andrew Scroggins
Morgan Lewis & Bockius, LLP
77 West Wacker Drive
Chicago, Illinois 60601

Ira G. Rosenstein
Samuel S. Shaulson
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060

Lawrence Augustine Phillips
Siebman, Burg, Phillips & Smith, LLP
300 North Travis Street
Sherman, Texas 75090

Michael C. Smith
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75671

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.

## CERTIFICATE OF CONFERENCE

Pursuant to the local rules of the Eastern District of Texas, I, Robert E. Goodman, Jr., certify that on February 15, 2013 that I, as lead counsel for Plaintiffs and Jennifer Truelove local counsel for Plaintiffs did confer by telephone conference with Debbie Davidson then lead counsel for Defendant and Michael C. Smith local counsel for Defendant regarding the certification of a class in this action. Further I, as lead counsel for Plaintiffs, had other communications, including by telephone, with Debbie Davidson, as lead counsel for Defendant, between February 4, 2012 and February 21, 2012, and then after Ms. Davidson was replaced, between February 20, 2012 and February 25, 2012, with Charles Jackson, successor lead counsel for Defendant, about the possibility of agreed certification, and all counsel for Defendant confirmed that Defendant is not prepared to agree to certification and as such is opposed to the Plaintiffs' Motion for Class Certification.

/s/ *Robert E. Goodman, Jr*
Robert E. Goodman, Jr.