# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **MARK EDDINGTON, JEFFERY M. DAVIS, ELRIDGE NICHOLAS BOLLICH, RAY A. COX and GEORGE BALANIS** § § § § § § **Plaintiffs,** § § **v.** § § **UBS FINANCIAL SERVICES INC.,** § § **Defendant.** | Civil Action No. 2:12-CV-422 |

## STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for Plaintiffs and Defendant (each a "Party" and together "the Parties") in the above-captioned action, that the following Stipulated Protective Order Governing the Production and Exchange of Confidential Material ("Protective Order") shall govern the designation and handling of documents, electronically stored information and other data produced in response to requests or subpoenas or voluntarily provided, including, without limitation, deposition testimony, deposition exhibits, answers to interrogatories, responses to requests to admit and other written, electronic, recorded or graphic matter produced by or obtained from any Party or Third Party ("Disclosing Party") in connection with the above-captioned litigation ("Litigation") ("Discovery Material").

1. Counsel for a Party or Non-Party (a "Designating Party") shall make reasonable efforts to designate as "Confidential" only Discovery Material produced by a Disclosing Party that the counsel making the "Confidential" designation believes in good faith contains "a trade secret or other confidential research, development or commercial information," or other material

contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), or personal data regarding individuals (or information derived from therein, including materials disclosing, summarizing, describing, characterizing or otherwise referring thereto, other than information which does not identify the individuals, such as identification of the number of putative class members and the amounts of PartnerPlus Plan forfeitures with respect to such individuals), and shall not include any information which is or becomes publicly available, so long as the information is made public by lawful means and not through actions taken in violation of applicable law, other agreements or any other prohibitions against disclosure ("Confidential Discovery Material").

2. For purposes of this Protective Order:

(a) Information considered to be Confidential Discovery Material includes, inter alia, all non-public materials containing information related to: trade secrets, proprietary technical information, personal identifying information, personal financial information, compensation information, tax data, personnel information, business information, financial or business plans and strategies, projections or analyses, proposed strategic transactions or other business combinations, studies or analyses by internal or outside experts, competitive analyses, or other sensitive or proprietary information that constitutes "a trade secret or other confidential research, development or commercial information," or other material contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), or such other personal data or information regarding individuals.

(b) The designation by a Designating Party of a Disclosing Party's Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party or a supervised designee and that there is a good faith basis for such designation.

(c) Information considered to be Confidential Discovery Material includes any other category of information given confidential status by the Court.

3. Any person or entity who receives Confidential Discovery Material shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents. Confidential Discovery Material produced or disclosed in this Litigation shall be used solely for the prosecution or defense of this Litigation (including any appeal) and not for any other purpose, including, without limitation, any other litigation or any business or commercial purpose, unless otherwise agreed by the Parties or ordered by the Court.

4. Subject to the foregoing, the designation of Discovery Material as "Confidential" for purposes of this Protective Order shall be made in the following manner by any Designating Party:

(a) For documents or other materials (apart from depositions or other pretrial testimony), a Designating Party may designate information as Confidential Discovery Material by marking or stamping documents, other information, or electronic media as "Confidential," provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Designating Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Protective Order on and after the date of its designation.

(b) For materials produced in native form or in any other medium that cannot be designated as set forth in subparagraph (a) above, by designating such materials in writing and by affixing a confidentiality designation on the medium containing such documents, provided that the failure to designate such material as "Confidential" does not constitute a waiver of such claim, and a Designating Party may so designate material after such material has been produced, with the effect that such material is subject to the protections of this Protective Order on and after the date of its designation. Recipients shall treat print-outs or electronic copies of any

computer data from electronic media designated as "Confidential" as Confidential Discovery Material in accordance with the terms of this Protective Order.

(c) For depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all Parties within twenty (20) business days after receiving a copy of the transcript, and in both of the foregoing instances, by directing the court reporter to affix the appropriate confidentiality legend to the first page and the confidential portions of the original and all copies of the transcript containing any Confidential Discovery Material. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in paragraph 6 below until the relevant period for the designation has expired. Only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, including through agreement on the record at such deposition (or thereafter in writing), without further order of the Court.

Failure to designate Discovery Material as Confidential Discovery Material as provided above at the time of production shall not constitute a waiver of such claim and may be remedied if the Designating Party provides a supplemental written notice within (20) business days after the date of production, in which case the designated Discovery Material shall be treated as Confidential Discovery Material from the date of such notification forward except as provided in paragraph 10.

5. Any Designating Party may designate any Discovery Material produced by a Non-Party to the Litigation as Confidential Discovery Material by providing written notice, within twenty (20) business days after the date of production (or, if production is not made simultaneously to all parties, from the date copies of the production are provided to the Party

seeking to designate the material as "Confidential"), to counsel of record for the Parties (and to counsel of record, if any, for the Non-Party who produced such Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the Discovery Material to be designated as "Confidential" and treated as Confidential Discovery Material. The Parties and their counsel shall not permit Discovery Material produced by a Non-Party to be distributed to persons beyond those specified in paragraph 6 below until the twenty (20) business day period for designation has expired.

6. Except with prior written consent of the Disclosing Party or upon prior order of a court of competent jurisdiction, and subject to the limitations set forth in this Protective Order, Confidential Discovery Material may be disclosed only to the following categories of persons and this Protective Order is binding on all such recipients of Confidential Discovery Information:

(a) Counsel for the Parties in the Litigation and employees or agents of such counsel necessary to assist counsel for the Parties with respect to the Litigation;

(b) Officers, directors, partners, principals, or employees of UBS Financial Services Inc., as well as its parent and affiliates, and its current and former attorneys, accountants, auditors, and compensation or benefit plan service providers who may be necessary to assist Defendant's counsel in connection with the Litigation;

(c) Nonparty experts or consultants retained in good faith to assist the Parties or their Counsel with respect to the Litigation;

(d) Any witness or deponent (or person whom counsel for a Party believes in good faith may be called to testify at trial or in deposition in this Litigation) other than witnesses and deponents covered by subparagraph (b) above and their counsel during the course of or, to the extent necessary in preparation for, depositions or testimony in this Litigation, and court

reporters, stenographers, or video operators at depositions or court proceedings at which Confidential Discovery Material is disclosed, provided that such persons are first informed that the material is confidential pursuant to the terms of this Protective Order, which has been entered as an order of the Court, and may not be disclosed other than pursuant to the terms hereof;

(e) Clerical and litigation support firms involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Discovery Material, to the extent reasonably necessary to assist the persons identified in subparagraph 6(a) with respect to the Litigation; and

(f) The Court and any other person designated by the Court, upon such terms as the Court may deem proper.

7. Counsel or persons in a managerial position shall take appropriate steps to ensure that persons identified in subparagraphs 6(a), 6(b), 6(c) or 6(e) within their supervision or control will maintain Confidential Discovery Material strictly in accordance with this Protective Order. Confidential Discovery Material may be provided to persons listed in Paragraph 6(c) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that such expert or consultant shall use said Confidential Discovery Material solely in connection with this Litigation and not for any other purpose. Any person identified in subparagraph 6(c), (d) or (e) to whom disclosure is made must agree to be bound by the terms stated in this Protective Order by executing a confidentiality agreement substantially in the form of Exhibit A. Original copies of these signed confidentiality agreements shall be obtained and retained by counsel of record for the Party who was responsible for permitting access to the Confidential Discovery Material.

8. Every person given access to Confidential Discovery Material shall be advised that it is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

9. If a Party objects to a Designating Party's designation of any Discovery Material as Confidential Discovery Material or seeks to use such materials other than as permitted by this Protective Order, the Party shall so state by letter to counsel for the Designating Party. The Designating Party and the objecting Party shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Protective Order. In the event that the Parties are unable to resolve any dispute concerning treatment of information as Confidential Discovery Material, the objecting Party may, upon motion made to the Court on notice to all Parties to this Protective Order, seek an order from the Court directing that such information shall not be treated as Confidential Discovery Material pursuant to this Protective Order. In connection with any such motion, the burden of establishing that Discovery Material shall continue to be treated as Confidential Discovery Material shall be on the Designating Party. Pending determination of such motion, any information previously designated as Confidential Discovery Material shall continue to be treated in accordance with its original designation.

10. The Parties shall have the right to further designate Confidential Discovery Material or portions of documents containing Confidential Discovery Material as "Confidential – Attorneys' Eyes Only." Disclosure of such Confidential Discovery Material designated as "Confidential – Attorneys' Eyes Only" shall be limited to the persons designated in Paragraph 6(a), (c), (e) and (f). Confidential Discovery Material designated as "Confidential – Attorneys' Eyes Only" shall otherwise be subject to the provisions of this Protective Order.

11. All documents of any nature, including pleadings, declarations, memoranda, briefs, or other papers, constituting, referring to, containing, appending, summarizing or excerpting Confidential Discovery Material which are filed with the Court shall be filed under seal. A redacted version of the filing may be made in the public file, provided that any Confidential Discovery Material or reference thereto is redacted. In connection with any pre-trial motion or other pre-trial proceeding, if any Party intends to offer Confidential Discovery Material in open Court, such Party will provide reasonable advance notice, in no event less than five (5) court days' notice, of the Confidential Discovery Material to be so used so that the Designating Party has the opportunity to request that the Court take steps to prevent public disclosure. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any Confidential Discovery Material to be used in the course of any trial in this Litigation. In the event that any Confidential Discovery Material is filed with the Court or used in any Court proceeding in this Litigation, that Confidential Discovery Material shall keep its status as Confidential Discovery Material for all other purposes.

12. Pursuant to Federal Rule of Evidence 502, the production, transmission, or disclosure of any material in this Litigation that might otherwise arguably or actually be subject to a claim of privilege or of protection as attorney work product material ("Privileged Covered Material") shall in no way prejudice, or constitute a waiver (either as to the specific document disclosed or as to other documents or communications concerning the same subject matter) of, or estop a party from asserting, any claim of privilege, work product or other ground for withholding production of that or related material in connection with this Litigation or any other proceeding. If Privileged Covered Material has been produced, transmitted, or disclosed in this Litigation, the Party making the claim of privilege, work product or other ground for withholding

may notify the receiving Party and state the basis for the claim. After being notified, and irrespective of whether the receiving Party believes the disclosing Party is acting in good faith, the receiving Party (i) must make reasonable and diligent efforts to promptly identify and sequester the Privileged Covered Material, (ii) must cease any further dissemination, review, disclosure and/or use of the Privileged Covered Material, (iii) must make reasonable and diligent efforts to promptly return or destroy the Privileged Covered Material and any copies (paper or electronic) the receiving Party has of it (including the return or destruction of any electronic storage such as CDs or DVDs that contain Privileged Covered Material) and provide confirmation to the disclosing Party that the Privileged Covered Material has been returned or destroyed, and (iv) may not use or disclose the Privileged Covered Material, or information gleaned from Privileged Covered Material, in connection with the Litigation or for any other purpose until the claim is resolved; provided, however, the receiving Party, in connection with any motion to compel production of Privileged Covered Material, may describe the Privileged Covered Material without providing any information regarding the privileged contents of the document at issue, except to the extent the submission is filed under seal. In response to a motion to compel the production of such Privileged Covered Material, the Party with possession, custody or control thereof shall submit a copy of the disputed Privileged Covered Material for the Court's in camera review. In no event shall the production, disclosure, or transmission of the Privileged Covered Material in this Litigation form the basis for a claim that the material is not privileged. If a receiving Party disclosed the Privileged Covered Material to another person before being notified, the receiving Party must make reasonable efforts to retrieve it. No Party, by virtue of agreeing to this paragraph, is assuming any obligation, or in any way undertaking, to produce privileged matter, and no Party is agreeing to waive any privilege, claim or defense in

this Litigation. By this paragraph, no Party is waiving or prejudicing any claim in this Litigation: that documents or other information are or are not privileged (on grounds other than the fact that it was produced in this case pursuant to this Protective Order.

13. If any receiving Party is subpoenaed in another action or proceeding or served with a document request or other demand, and such subpoena or document request or other demand seeks Discovery Material which was produced or designated as "Confidential," or "Confidential—Attorneys' Eyes Only" by someone other than the receiving Party, the receiving Party shall (unless prohibited by law) give prompt written notice within five (5) business days of receipt of such subpoena or document request or other demand (and prior to the production response date pursuant to the subpoena or document request or other demand), to the party or non-party who produced the material and to the Designating Party. The responsibility of opposing the enforcement of the subpoena shall fall upon the Designating Party. The receiving Party shall be permitted to produce documents responsive to the subpoena only if required by law to do so and only after allowing a reasonable time for the party designating the Confidential Discovery Material to obtain an order directing that the subpoena or document request or other demand not be complied with.

14. Entering into, agreeing to, producing or receiving Confidential Discovery Material pursuant to and/or otherwise complying with the terms of this Protective Order shall not:

(a) Operate as an admission by any Party that any particular Confidential Discovery Material does or does not contain or reflect trade secrets or any other type of confidential information;

(b) Prejudice in any way the rights of the Parties to object to the production of documents or information they consider not subject to discovery;

(c) Operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material, or prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any information or material. The parties reserve the right to apply upon short notice for an Order seeking additional safeguards with respect to the use and handling of Discovery Material.

(d) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of any Party to seek a determination by the Court whether any document or other Discovery Material or Confidential Discovery Material should be subject to the terms of this Protective Order;

(f) Prevent the Parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular document or other Discovery Material; and/or

(g) Prejudice in any way the right of a Party to offer documents into evidence subject to appropriate means to preserve the confidentiality of such Confidential Discovery Material, as determined by the Court.

15. This Protective Order has no effect upon, and shall not apply to, a Party's (or Non-Party's) use or disclosure of its own Confidential Discovery Material for any purpose. Nothing contained in this Protective Order shall prevent a Party (or Non-Party) from disclosing

Confidential Discovery Material to officers, directors or employees of, or to experts, consultants, or witnesses for, the Party (or Non-Party) that produced the Confidential Discovery Material. In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any documents or information that are in the public domain other than as a result of a violation of this Protective Order.

16. Subject to Paragraph 4(c) above, this Protective Order may be modified only by a separate writing executed by all of the Parties and ordered by the Court. The Parties are entitled to seek modification, cancellation, or expansion of this Protective Order by application to the Court and on notice to the other Parties. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, and no single or partial exercise of any right, power or privilege hereunder shall preclude any other or further exercise of any right, power or privilege.

17. The provisions of this Protective Order shall, absent written permission of the Disclosing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation.

18. After the final resolution of each party's involvement as a Party in the Litigation, through either judgment and appeals (if applicable) or settlement, a receiving Party shall make commercially reasonable efforts either to return to the Disclosing Party or to destroy all Confidential Discovery Material within its control and certify that fact. Counsel for the Parties shall be entitled to retain court papers and attorney work product provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Party that produced the Confidential

Discovery Material. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

19. In the event that additional parties have been joined, or in the future join, in this Litigation, such parties and their counsel will not have access to Confidential Discovery Material until such parties by their counsel have executed and filed with the Court their agreement to be fully bound by this Protective Order. Counsel for parties in actions that are consolidated with this Litigation and counsel for parties in any newly consolidated actions in the future will not have access to Confidential Discovery Material until such parties by their counsel have executed and filed with the Court their agreement to be fully bound by this Protective Order.

20. The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, or an alternative thereto which is satisfactory to all parties, and any violation of its terms in the interim shall be subject to the sanctions and penalties as the Court, upon application, may determine. This Protective Order shall govern all Discovery Material provided in connection with this Litigation, irrespective of whether it was provided before, contemporaneously or after entry into this Protective Order.

21. Each party shall have the responsibility, through counsel, to advise the Disclosing Party of any losses or compromises of the confidentiality of Confidential Discovery Material governed by the Protective Order. It shall be the responsibility of the Party that lost or compromised the Confidential Discovery Material of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

22. Any non-party producing Discovery Material in this Litigation may be included in this Protective Order by endorsing a copy of this Protective Order and delivering it to the

requesting Party who, in turn, will file it with the Court and serve it upon counsel for the other Parties.

23. No Party shall make reference to drafts of this Protective Order, or additions, deletions or changes made therein, in any argument regarding the interpretation of this Protective Order or the intent of the Parties concerning any provision of this Protective Order.

**IT IS SO ORDERED**

**SIGNED this 15th day of April, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**STIPULATION OF THE PARTIES**

April 10, 2013.

| | |
|---|---|
| /s/Robert E. Goodman, Jr. | /s/ Paul Blankenstein |
| Robert E. Goodman, Jr. | Eugene Scalia (pro hac vice) |
| reg@kilgorelaw.com | escalia@gibsondunn.com |
| Theodore C. Anderson | William J. Kilberg (pro hac vice) |
| tca@kilgorelaw.com | jkilberg@gibsondunn.com |
| Kilgore & Kilgore PLLC | Paul Blankenstein (pro hac vice) |
| 3109 Carlisle Street | pblankenstein@gibsondunn.com |
| Dallas, Texas 75204 | Gibson, Dunn & Crutcher, LLP |
| (214) 969-9099 | 1050 Connecticut Avenue, NW |
| (214) 953-0133 (facsimile) | Washington, DC 20036 |
| | (202)955-8500 |
| Sam F. Baxter | (202)530-9532 (facsimile) |
| sbaxter@mckoolsmith.com | |
| Theodore Stevenson, III | Charles C. Jackson (*pro hac vice*) |
| tstevenson@mckoolsmith.com | Deborah S. Davidson |
| Jennifer L. Truelove | ddavidson@morganlewis.com |
| jtruelove@mckoolsmith.com | Andrew Scroggins (*pro hac vice*) |
| McKool Smith, P.C. | ascroggins@morganlewis.com |
| 104 East Houston Street, Suite 300 | MORGAN LEWIS & BOCKIUS LLP |
| Marshall, Texas 75670 | 77 W. Wacker Drive |
| (903) 923-9000 | Chicago, Illinois 60601 |
| (903) 923-9099 (facsimile) | (312) 324-1000 |
| | (312) 324-1001 (facsimile) |
| Brian E. Bro | |
| brian@bebroatty.com | Michael C. Smith |
| Law Offices of Brian E. Bro | michaelsmith@seibman.com |
| 3200 SW Freeway, Suite 2200 | SIEBMAN,BERG, PHILLIPS & SMITH |
| Houston, Texas 77027 | 113 East Austin Street |
| (713) 961-3111 | Marshall, Texas 75670 |
| (281) 265-9181 (facsimile) | 903-938-8900 |
| | 972-7674620 (facsimile) |
| | michaelsmith@siebman.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MARK EDDINGTON, JEFFERY M. DAVIS, ELRIDGE NICHOLAS BOLLICH, RAY A. COX and GEORGE GALANIS § § § § § **Plaintiffs,** § § **v.** § § **UBS FINANCIAL SERVICES INC.,** § § **Defendant.** | **Civil Action No. 2:12-CV-00422** |

## Exhibit A

## NON-DISCLOSURE AGREEMENT

I, _____, hereby declare and acknowledge that I have been furnished a copy of the Stipulated Protective Order Governing the Production and Exchange of Confidential Material ("Protective Order") in the above-captioned case dated _____, and counsel has further informed me of the obligations it imposes upon those who receive confidential information. I understand that the Protective Order, among other things, prohibits the use of any information designated as confidential for any purpose other than this Litigation, and further that I am prohibited from disclosing confidential information to any other person except as specifically provided in the Protective Order.

I agree to comply and be bound by all the terms of the Protective Order and to treat as confidential all materials protected thereby. I acknowledge that my failure to comply with the

terms of the Protective Order may be regarded as a contempt of Court, and I agree to submit to the jurisdiction of the court in which the above-action is pending for purposes of enforcing this Protective Order.

Dated: _____                    _____
                                                                   [Name]

_____
[Signature]