IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARK T. EDDINGSTON,<br>JEFFERY M. DAVIS,<br>ELRIDGE NICHOLAS BOLLICH,<br>RAY A. COX, and<br>GEORGE GALANIS,<br><br>Plaintiffs,<br><br>v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:12-CV-00422 |
| BILL HENDRICKS and<br>AUBREY B. STACY,<br><br>Plaintiffs,<br>v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:12-CV-00606 |

**DEFENDANT UBS FINANCIAL SERVICES, INC.'S MOTION TO SUBMIT NOTICE
OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION
<u>FOR RECONSIDERATION OF DENIAL OF MOTION TO COMPEL ARBITRATION</u>**

1

Defendant UBS Financial Services, Inc. ("UBS") respectfully moves this Court for leave to file the attached Notice of Supplemental Authority in Support of Defendant's Motion for Reconsideration of Denial of Motion to Compel Arbitration. *Eddingston*, ECF No. 51; *Hendricks*, ECF No. 41.

1. On November 15, 2012, UBS moved to compel arbitration under the terms of arbitration agreements contained in Compensation Plans agreed to by each former UBS Financial Advisor and Branch Manager (collectively, "Financial Professionals"). *Eddingston*, ECF No. 31; *Hendricks*, ECF No. 21. On February 4, 2013, Magistrate Judge Payne denied the motion in an order from the bench, based on Plaintiffs' argument that the Financial Advisor and Branch Manager PartnerPlus Plans were ERISA plans, and the arbitration provisions in the Compensation Plans were unauthorized amendments to those plans. *See* Feb. 4, 2013 Hr'g Tr. 78:9-24 ("The Court will accept the PartnerPlus Plan as a covered ERISA plan at this time, based upon the allegations of the complaint and the first amended complaint.").

2. On February 19, UBS filed with this Court a motion for reconsideration of Magistrate Judge Payne's decision, and a motion to stay proceedings until the Court ruled on the motion. *Eddingston*, ECF No. 51, 52; *Hendricks*, ECF No. 41, 42. UBS's reply briefs were submitted on March 28, 2013. *Eddingston*, ECF No. 69, 70; *Hendricks*, ECF No. 63, 64. Briefing on those motions was completed a month ago on April 12 when Plaintiffs filed their sur-replies. *Eddingston*, ECF No. 83, 84; *Hendricks*, ECF No. 77, 78. In its brief UBS argued that the Magistrate Judge erred in even considering whether PartnerPlus Plan was an ERISA plan, and that he was, in any event, wrong in assuming that the Plan was an ERISA-covered plan. *See Eddingston*, ECF No. 70 at 1, 3-4; *Hendricks*, ECF No. 64 at 1, 3-4.

Since Judge Payne's February 4 ruling, discovery related to class certification has continued at an accelerated pace, with depositions taken of Plaintiffs and UBS, and thousands of documents reviewed and being produced by UBS.

On March 27, 2013, the District Court for the Southern District of Texas issued an opinion in *Tolbert v. RBC Capital Markets*, No. 11-107 (S.D. Tex. Mar. 27, 2013) (Ellison, J.) finding that a plan substantially similar to PartnerPlus was not an ERISA plan. In addition, in accordance with the class certification briefing schedule set by Judge Payne, on May 13, UBS served on Plaintiffs' counsel reports by two experts. These reports will also be filed with Magistrate Judge Payne as part of Defendant's Supplemental Brief in Opposition to Class Certification on May 24. Both reports—one by Laura Simmons and the other by Alan Johnson—address the issue of whether the PartnerPlus Plans at issue are ERISA plans. The *Tolbert* opinion and UBS's expert reports are directly relevant to UBS's Motion for Reconsideration and, specifically, to Plaintiffs' claim that their agreement to arbitrate is unenforceable because PartnerPlus is (they claim) an ERISA plan, and therefore cannot be "amended" to include their agreement to arbitrate.

Because the *Tolbert* opinion and UBS's expert reports are directly relevant to a question before this Court, UBS requests that the attached Notice of Supplemental Authorities in support of its Motion for Reconsideration be accepted by the Court. UBS also respectfully requests that this Court rule at its earliest convenience on UBS's Motion for Reconsideration and its motion to stay any further proceedings in the case, including the class certification proceedings that have continued at an accelerated pace for more than three months.

Date: May 17, 2013                                    Respectfully submitted,

                                                                              /s/ Eugene Scalia

                                                                         William J. Kilberg (*pro hac vice*)
                                                                             (wkilberg@gibsondunn.com)
Michael C. Smith                                      Eugene Scalia (*pro hac vice*)
   (michaelsmith@siebman.com)                         (escalia@gibsondunn.com)
SIEBMAN, BURG, PHILLIPS & SMITH LLP                   Paul Blankenstein (*pro hac vice*)
113 East Austin Street                                   (pblankenstein@gibsondunn.com)
Marshall, TX 75670                                    GIBSON, DUNN & CRUTCHER LLP
T. 903. 938.8900, F. 972.767.4620                     1050 Connecticut Avenue, N.W.
                                                                           Washington, DC 20036
                                                                           T. 202.955.8693, F. 202.530.9532

*Attorneys for Defendant UBS Financial Services, Inc.*

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the meet and confer requirement of Local Rule 7(h) and that this motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on May 17, 2013 by telephone, between Eugene Scalia and Paul Blankenstein for defendant UBS Financial Services, Inc. and Robert E. Goodman for Plaintiffs. No agreement could be reached; discussions on this subject have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ Eugene Scalia
Eugene Scalia

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant UBS Financial Services, Inc.'s Motion To Submit Supplemental Authorities In Support of Defendant's Motion For Reconsideration Of Denial Of Motion To Compel Arbitration was served on all counsel of record by CM/ECF pursuant to Local Rule CV-5(a)(7)(C) on May 17, 2013.

/s/ Eugene Scalia
Eugene Scalia