# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MARK T. EDDINGSTON, | § | |
| JEFFERY M. DAVIS, | § | |
| ELRIDGE NICHOLAS BOLLICH, | § | |
| RAY A. COX and GEORGE GALANIS, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 2:12-CV-00422 |
| | § | |
| v. | § | |
| | § | |
| UBS FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF, ELRIDGE NICHOLAS BOLLICH'S, ANSWERS TO FIRST AND SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT

Plaintiff, Elridge Nicholas Bollich, hereby provides the following answers to Defendant's first and second sets of interrogatories

1.      Identify each and every person who assisted you in answering these Interrogatories and in responding to Defendant's First Request for Production of Documents, and specify to which Interrogatory and Document Request and subpart that person provided assistance or input and the nature of such assistance or input.

ANSWER:

I was aided in the answering of these interrogatories by my attorneys, Robert E. Goodman, Jr., Theodore C. Anderson and their paralegal, Tara Mills.

2.      For each person you believe has knowledge of any of the facts underlying any of the claims in the Amended Complaint or the subject matter of this litigation, please state: (a) full name, last known home and business addresses and telephone numbers, and relationship to you; (b) current employer and position and, if formerly employed by Defendant, state when and what position; (c) the facts or information which you believe to be the substance of his or her knowledge and the source of such knowledge; and (d) the identity of any documents which relate to the person's information or knowledge, including without limitation any written statements.

ANSWER:

I am the only individual with knowledge of the underlying facts in the Amended Complaint as they apply to me.

3.      Identify each and every person, other than your attorneys, with whom you have discussed the allegations in the Amended Complaint or the subject matter of this litigation, and for each such person, please state: (a) the full name, last known home and business addresses and telephone numbers, and relationship to you; (b) when and where the discussion(s) or communication(s) took place; (c) the identity of each person present during such discussion(s) or

ANSWER:

I have had no discussions other than those involving other Plaintiffs in this action.

4.      Identify each person from Defendant who, either individually or as part of a group, communicated with you, orally or in writing, regarding the Plan. For each such person, specify the nature of the communication; the date when the communication took place; what the individual said about the Plan; what statements, if any, you made during the communication; witnesses, if any, to the communication(s); and any notes or documents relating to the communication(s).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection none.

5.      Identify in detail your calculations as to damages and any other relief to which you believe you are entitled and for which you seek redress against Defendant, and for each element of damages or other relief identify: (a) each and every fact upon which you base your entitlement contention; (b) all documents relating or referring to any facts which form the bases of your entitlement contention; (c) each and every person who may have knowledge of the facts underlying your entitlement contention; and (d) each and every document relating to your alleged damages and any other information provided in your answer to this Interrogatory.

ANSWER:

I object to this interrogatory as overly broad and burdensome. The information is possessed and known by Defendant. Subject to and without waiving the foregoing objection, Firm Contributions, Market Interest and Turbo Interest forfeited as calculated by The Newport Group are the basis for my damage calculations. I am attaching a copy of the forfeiture calculation.

6.      Identify any person (other than counsel) from whom you or your attorneys have obtained or will obtain a written statement of any kind relating to any fact, allegation, claim, issue or

defense raised in this action.  For each such person, describe the substance of such statements. Identify all documents relating to same.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, I have not identified any such individuals at this time.

7.      If, in support of your claims as described in the Amended Complaint, you rely on any specific communications or documents which you contend directly evidence or support your allegations, identify each and every such communication or document.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, the documents relied on in support of my claim as described in the Amended Complaint are those referred to in the Amended Complaint and the document referred to in my answer to Interrogatory No. 5.

8.      If you contend that Defendant, by any of its officers, agents managers, or employees, has made any admissions or declarations against interest concerning the subject matter of this action, please identify the person making the statement and identify the statement allegedly made (and if in writing, attach a copy).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, such persons have not been identified at this time.

9.      Describe in detail any communications with potential class members regarding this litigation. For each such person, specify the nature of the communication, the date when the communication took place, what was said by the potential class member, what statements, if any, you made during the communication, witnesses, if any, and any notes you took of the communication.

ANSWER:

None.

PLAINTIFF, ELRIDGE NICHOLAS BOLLICH'S, ANSWERS TO FIRST AND SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 3

10.     Identify each person whom you intend to call as a witness at any hearing or trial in this matter.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have yet to determine who will be called as a witness at any hearing or trial.

11.     Identify all employers (including yourself) who have offered you employment or for whom you have worked since your employment with UBS ended and through the date of trial, identifying: the company name, address, and location; the dates you were employed by such other employers (including yourself); your positions with such employers; your supervisors' names and titles; a brief description of your job duties; your rate of pay as well as earnings, compensation and other benefits you received during such employment; and if you left the employment, the reasons for your separation from employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan. Subject to and without waiving the foregoing objection, the names of, and dates of my employment, with subsequent employers, this information is readily available to you on FINRA BrokerCheck.

12.     For all employers identified in response to the foregoing interrogatory, identify and describe your efforts to become employed with such employer, including each person who recruited you; each person who interviewed you; the date you first expressed interest in employment with the employer; your reasons for seeking employment outside UBS; any pre-employment communications with representatives of the employer; any applications or resumes submitted; and your reasons for accepting such employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan.

PLAINTIFF, ELRIDGE NICHOLAS BOLLICH'S, ANSWERS TO FIRST AND SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 4

<u>VERIFICATION</u>

STATE OF TEXAS       §
                            §
COUNTY OF HARRIS    §

      Before me, the undersigned Notary Public, personally appeared Elridge Nicholas Bollich, who, being by me duly sworn, deposed and stated that he is a Plaintiff in this action and that the facts stated in the foregoing Plaintiff, Elridge Nicholas Bollich's, Answers to First and Second Sets of Interrogatories Propounded by Defendant are within his personal knowledge and are true and correct.

                                       _____
                                       Elridge Nicholas Bollich

SUBSCRIBED AND SWORN TO BEFORE ME this 27th day of March, 2013.

                                     _____
                                       Notary Public

REBECCA E. GRANT
MY COMMISSION EXPIRES
SEPTEMBER 29, 2013

REBECCA E. GRANT
MY COMMISSION EXPIRES
SEPTEMBER 29, 2013

Respectfully submitted,


_____
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099; (214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, California 90248
(424) 212-7090; (424) 212-7001 (telecopy)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, Texas 75204
(214) 736-4524; (214) 594-5897 (telecopy)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111; (281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, PC
104 East Houston Street, Suite 300
Marshall, Texas  75670
(903) 923-9000; (903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record by the method indicated below this 27th day of March, 2013 as follows:

By E-mail and U.S. First Class Mail

Eugene Scalia                              escalia@gibsondunn.com
Paul Blankenstein                          pblankenstein@gibsondunn.com
William J. Kilberg                         wkilberg@gibsondunn.com
Gibson Dunn
1050 Connecticut Avenue, NW
Washington, D.C.  20036-5306

Charles C. Jackson                         charles.jackson@morganlewis.com
Deborah S. Davidson                        ddavidson@morganlewis.com
Andrew Scroggins                           ascroggins@morganlewis.com
Morgan Lewis & Bockius, LLP
77 West Wacker Drive
Chicago, Illinois 60601

Ira G. Rosenstein                          irosenstein@morganlewis.com
Samuel S. Shaulson                         sshaulson@morganlewis.com
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060

Ellen LeGrand Perlioni                     ellen.perlioni@morganlewis.com
Morgan Lewis & Bockius, LLP
1717 Main Street
Dallas, Texas 75201

Lawrence Augustine Phillips                larryphillips@siebman.com
Siebman, Burg, Phillips & Smith, LLP
300 North Travis Street
Sherman, Texas 75090

Michael C. Smith                           michaelsmith@siebman.com
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75671

Theodore C. Anderson

PLAINTIFF, ELRIDGE NICHOLAS BOLLICH'S, ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MARK T. EDDINGSTON, | § | |
| JEFFERY M. DAVIS, | § | |
| ELRIDGE NICHOLAS BOLLICH, | § | |
| RAY A. COX and GEORGE GALANIS, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 2:12-CV-00422 |
| | § | |
| v. | § | |
| | § | |
| UBS FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF, RAY A. COX'S, ANSWERS TO FIRST AND
## SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT

Plaintiff, Ray A. Cox, hereby provides the following answers to Defendant's first and second sets of interrogatories

1.     Identify each and every person who assisted you in answering these Interrogatories and in responding to Defendant's First Request for Production of Documents, and specify to which Interrogatory and Document Request and subpart that person provided assistance or input and the nature of such assistance or input.

ANSWER:

I was aided in the answering of these interrogatories by my attorneys, Robert E. Goodman, Jr., Theodore C. Anderson and their paralegal, Tara Mills.

2.     For each person you believe has knowledge of any of the facts underlying any of the claims in the Amended Complaint or the subject matter of this litigation, please state: (a) full name, last known home and business addresses and telephone numbers, and relationship to you; (b) current employer and position and, if formerly employed by Defendant, state when and what position; (c) the facts or information which you believe to be the substance of his or her knowledge and the source of such knowledge; and (d) the identity of any documents which relate to the person's information or knowledge, including without limitation any written statements.

PLAINTIFF, RAY A. COX'S, ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 1

ANSWER:

I am the only individual with knowledge of the underlying facts in the Amended Complaint as they apply to me.

3.      Identify each and every person, other than your attorneys, with whom you have discussed the allegations in the Amended Complaint or the subject matter of this litigation, and for each such person, please state: (a) the full name, last known home and business addresses and telephone numbers, and relationship to you; (b) when and where the discussion(s) or communication(s) took place; (c) the identity of each person present during such discussion(s) or

ANSWER:

I have had no discussions other than those involving other Plaintiffs in this action.

4.      Identify each person from Defendant who, either individually or as part of a group, communicated with you, orally or in writing, regarding the Plan. For each such person, specify the nature of the communication; the date when the communication took place; what the individual said about the Plan; what statements, if any, you made during the communication; witnesses, if any, to the communication(s); and any notes or documents relating to the communication(s).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have had no discussions other than those involving other Plaintiffs in this action.

5.      Identify in detail your calculations as to damages and any other relief to which you believe you are entitled and for which you seek redress against Defendant, and for each element of damages or other relief identify: (a) each and every fact upon which you base your entitlement contention; (b) all documents relating or referring to any facts which form the bases of your entitlement contention; (c) each and every person who may have knowledge of the facts underlying your entitlement contention; and (d) each and every document relating to your alleged damages and any other information provided in your answer to this Interrogatory.

ANSWER:

I object to this interrogatory as overly broad and burdensome. The information is possessed and known by Defendant. Subject to and without waiving the foregoing objection, Firm Contributions, Market Interest and Turbo Interest forfeited as calculated by The Newport Group are the basis for my damage calculations. I am attaching a copy of the forfeiture calculation.

6.      Identify any person (other than counsel) from whom you or your attorneys have obtained or will obtain a written statement of any kind relating to any fact, allegation, claim, issue or defense raised in this action. For each such person, describe the substance of such statements. Identify all documents relating to same.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have not identified any such individuals at this time.

7.      If, in support of your claims as described in the Amended Complaint, you rely on any specific communications or documents which you contend directly evidence or support your allegations, identify each and every such communication or document.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, the documents relied on in support of my claim as described in the Amended Complaint are those referred to in the Amended Complaint and the document referred to in my answer to Interrogatory No. 5.

8.      If you contend that Defendant, by any of its officers, agents managers, or employees, has made any admissions or declarations against interest concerning the subject matter of this action, please identify the person making the statement and identify the statement allegedly made (and if in writing, attach a copy).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, such persons have not been identified at this time.

9.      Describe in detail any communications with potential class members regarding this litigation. For each such person, specify the nature of the communication, the date when the communication took place, what was said by the potential class member, what statements, if any, you made during the communication, witnesses, if any, and any notes you took of the communication.

PLAINTIFF, RAY A. COX'S, ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 3

ANSWER:

None.

10.    Identify each person whom you intend to call as a witness at any hearing or trial in this matter.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have yet to determine who will be called as a witness at any hearing or trial.

11.    Identify all employers (including yourself) who have offered you employment or for whom you have worked since your employment with UBS ended and through the date of trial, identifying: the company name, address, and location; the dates you were employed by such other employers (including yourself); your positions with such employers; your supervisors' names and titles; a brief description of your job duties; your rate of pay as well as earnings, compensation and other benefits you received during such employment; and if you left the employment, the reasons for your separation from employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan. Subject to and without waiving the foregoing objection, the names of, and dates of my employment, with subsequent employers, this information is readily available to you on FINRA BrokerCheck.

12.    For all employers identified in response to the foregoing interrogatory, identify and describe your efforts to become employed with such employer, including each person who recruited you; each person who interviewed you; the date you first expressed interest in employment with the employer; your reasons for seeking employment outside UBS; any pre-employment communications with representatives of the employer; any applications or resumes submitted; and your reasons for accepting such employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan.

PLAINTIFF, RAY A. COX'S, ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 4

<u>VERIFICATION</u>

STATE OF OREGON        §
                       §
COUNTY OF JACKSON      §

    Before me, the undersigned Notary Public, personally appeared Ray A. Cox, who, being by me duly sworn, deposed and stated that he is a Plaintiff in this action and that the facts stated in the foregoing Plaintiff, Ray A. Cox's, Answers to First and Second Sets of Interrogatories Propounded by Defendant are within his personal knowledge and are true and correct.



_____
Ray A. Cox

    SUBSCRIBED AND SWORN TO BEFORE ME this 27th day of March, 2013.


_____
Notary Public

OFFICIAL SEAL
MERRY M FISCHER
NOTARY PUBLIC-OREGON
COMMISSION NO. 449463
MY COMMISSION EXPIRES MAY 24, 2014

<u>PLAINTIFF, RAY A. COX'S, ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT</u> – Page 5

Respectfully submitted,

Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099; (214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, California 90248
(424) 212-7090; (424) 212-7001 (telecopy)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, Texas 75204
(214) 736-4524; (214) 594-5897 (telecopy)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111; (281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, PC
104 East Houston Street, Suite 300
Marshall, Texas  75670
(903) 923-9000; (903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record by the method indicated below this 29th day of March, 2013 as follows:

<u>By E-mail and U.S. First Class Mail</u>

| | |
|---|---|
| Eugene Scalia | escalia@gibsondunn.com |
| Paul Blankenstein | pblankenstein@gibsondunn.com |
| Gibson Dunn | |
| 1050 Connecticut Avenue, NW | |
| Washington, D.C.  20036-5306 | |

| | |
|---|---|
| Charles C. Jackson | charles.jackson@morganlewis.com |
| Deborah S. Davidson | ddavidson@morganlewis.com |
| Andrew Scroggins | ascroggins@morganlewis.com |
| Morgan Lewis & Bockius, LLP | |
| 77 West Wacker Drive | |
| Chicago, Illinois 60601 | |

| | |
|---|---|
| Ira G. Rosenstein | irosenstein@morganlewis.com |
| Samuel S. Shaulson | sshaulson@morganlewis.com |
| Morgan Lewis & Bockius, LLP | |
| 101 Park Avenue | |
| New York, New York 10178-0060 | |

| | |
|---|---|
| Ellen LeGrand Perlioni | ellen.perlioni@morganlewis.com |
| Morgan Lewis & Bockius, LLP | |
| 1717 Main Street | |
| Dallas, Texas 75201 | |

| | |
|---|---|
| Lawrence Augustine Phillips | larryphillips@siebman.com |
| Siebman, Burg, Phillips & Smith, LLP | |
| 300 North Travis Street | |
| Sherman, Texas 75090 | |

| | |
|---|---|
| Michael C. Smith | michaelsmith@siebaln.com |
| Siebman, Burg, Phillips & Smith, LLP | |
| 113 East Austin Street | |
| Marshall, Texas 75671 | |

_____
Robert E. Goodman, Jr.

<u>PLAINTIFF, RAY A. COX'S, ANSWERS TO FIRST AND SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT</u> – Page 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MARK T. EDDINGSTON, | § | |
| JEFFERY M. DAVIS, | § | |
| ELRIDGE NICHOLAS BOLLICH, | § | |
| RAY A. COX and GEORGE GALANIS, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 2:12-CV-00422 |
| | § | |
| v. | § | |
| | § | |
| UBS FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF, JEFFERY M. DAVIS', ANSWERS TO FIRST AND**
**SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT**

Plaintiff, Jeffery M. Davis, hereby provides the following answers to Defendant's first and second sets of interrogatories

1.    Identify each and every person who assisted you in answering these Interrogatories and in responding to Defendant's First Request for Production of Documents, and specify to which Interrogatory and Document Request and subpart that person provided assistance or input and the nature of such assistance or input.

ANSWER:

I was aided in the answering of these interrogatories by my attorney, Robert E. Goodman, Jr., and his paralegal, Tara Mills.

2.    For each person you believe has knowledge of any of the facts underlying any of the claims in the Amended Complaint or the subject matter of this litigation, please state: (a) full name, last known home and business addresses and telephone numbers, and relationship to you; (b) current employer and position and, if formerly employed by Defendant, state when and what position; (c) the facts or information which you believe to be the substance of his or her knowledge and the source of such knowledge; and (d) the identity of any documents which relate to the person's information or knowledge, including without limitation any written statements.

PLAINTIFF, JEFFERY M. DAVIS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 1

ANSWER:

I am the only individual with knowledge of the underlying facts in the Amended Complaint as they apply to me.

3.    Identify each and every person, other than your attorneys, with whom you have discussed the allegations in the Amended Complaint or the subject matter of this litigation, and for each such person, please state: (a) the full name, last known home and business addresses and telephone numbers, and relationship to you; (b) when and where the discussion(s) or communication(s) took place; (c) the identity of each person present during such discussion(s) or

ANSWER:

I have had no discussions other than those involving other Plaintiffs in this action.

4.    Identify each person from Defendant who, either individually or as part of a group, communicated with you, orally or in writing, regarding the Plan. For each such person, specify the nature of the communication; the date when the communication took place; what the individual said about the Plan; what statements, if any, you made during the communication; witnesses, if any, to the communication(s); and any notes or documents relating to the communication(s).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection none.

5.    Identify in detail your calculations as to damages and any other relief to which you believe you are entitled and for which you seek redress against Defendant, and for each element of damages or other relief identify: (a) each and every fact upon which you base your entitlement contention; (b) all documents relating or referring to any facts which form the bases of your entitlement contention; (c) each and every person who may have knowledge of the facts underlying your entitlement contention; and (d) each and every document relating to your alleged damages and any other information provided in your answer to this Interrogatory.

ANSWER:

I object to this interrogatory as overly broad and burdensome.  The information is possessed and known by Defendant.  Subject to and without waiving the foregoing objection, Firm Contributions, Market Interest and Turbo Interest forfeited as calculated by The Newport Group are the basis for my damage calculations.  I am attaching a copy of the forfeiture calculation.

6.    Identify any person (other than counsel) from whom you or your attorneys have obtained or will obtain a written statement of any kind relating to any fact, allegation, claim, issue or

defense raised in this action.  For each such person, describe the substance of such statements. Identify all documents relating to same.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, I have not identified any such individuals at this time.

7.      If, in support of your claims as described in the Amended Complaint, you rely on any specific communications or documents which you contend directly evidence or support your allegations, identify each and every such communication or document.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, the documents relied on in support of my claim as described in the Amended Complaint are those referred to in the Amended Complaint and the document referred to in my answer to Interrogatory No. 5.

8.      If you contend that Defendant, by any of its officers, agents managers, or employees, has made any admissions or declarations against interest concerning the subject matter of this action, please identify the person making the statement and identify the statement allegedly made (and if in writing, attach a copy).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, such persons have not been identified at this time.

9.      Describe in detail any communications with potential class members regarding this litigation. For each such person, specify the nature of the communication, the date when the communication took place, what was said by the potential class member, what statements, if any, you made during the communication, witnesses, if any, and any notes you took of the communication.

ANSWER:

None.

PLAINTIFF, JEFFERY M. DAVIS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 3

10.     Identify each person whom you intend to call as a witness at any hearing or trial in this matter.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, I have yet to determine who will be called as a witness at any hearing or trial.

11.     Identify all employers (including yourself) who have offered you employment or for whom you have worked since your employment with UBS ended and through the date of trial, identifying: the company name, address, and location; the dates you were employed by such other employers (including yourself); your positions with such employers; your supervisors' names and titles; a brief description of your job duties; your rate of pay as well as earnings, compensation and other benefits you received during such employment; and if you left the employment, the reasons for your separation from employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan.  Subject to and without waiving the foregoing objection, the names of, and dates of my employment, with subsequent employers, this information is readily available to you on FINRA BrokerCheck.

12.     For all employers identified in response to the foregoing interrogatory, identify and describe your efforts to become employed with such employer, including each person who recruited you; each person who interviewed you; the date you first expressed interest in employment with the employer; your reasons for seeking employment outside UBS; any pre-employment communications with representatives of the employer; any applications or resumes submitted; and your reasons for accepting such employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan.

PLAINTIFF, JEFFERY M. DAVIS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 4

## VERIFICATION

STATE OF TEXAS      §
                           §
COUNTY OF DALLAS   §

      Before me, the undersigned Notary Public, personally appeared Jeffery M. Davis, who, being by me duly sworn, deposed and stated that he is a Plaintiff in this action and that the facts stated in the foregoing Plaintiff, Jeffery M. Davis', Answers to First and Second Sets of Interrogatories Propounded by Defendant are within his personal knowledge and are true and correct.

_____
Jeffery M. Davis

SUBSCRIBED AND SWORN TO BEFORE ME this __29__ day of March, 2013.

Monica A. Smith
Commission Expires
08-12-2016

_____
Notary Public

PLAINTIFF, JEFFERY M. DAVIS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 5

Respectfully submitted,

Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099; (214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, California 90248
(424) 212-7090; (424) 212-7001 (telecopy)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, Texas 75204
(214) 736-4524; (214) 594-5897 (telecopy)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111; (281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, PC
104 East Houston Street, Suite 300
Marshall, Texas  75670
(903) 923-9000; (903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record by the method indicated below this 1st day of April, 2013 as follows:

### By E-mail and U.S. First Class Mail

Eugene Scalia     escalia@gibsondunn.com
Paul Blankenstein    pblankenstein@gibsondunn.com
William J. Kilberg    wkilberg@gibsondunn.com Gibson Dunn
1050 Connecticut Avenue, NW
Washington, D.C.  20036-5306

Charles C. Jackson    charles.jackson@morganlewis.com
Deborah S. Davidson   ddavidson@morganlewis.com
Andrew Scroggins    ascroggins@morganlewis.com
Morgan Lewis & Bockius, LLP
77 West Wacker Drive
Chicago, Illinois 60601

Ira G. Rosenstein    irosenstein@morganlewis.com
Samuel S. Shaulson   sshaulson@morganlewis.com
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060

Ellen LeGrand Perlioni   ellen.perlioni@morganlewis.com
Morgan Lewis & Bockius, LLP
1717 Main Street
Dallas, Texas 75201

Lawrence Augustine Phillips  larryphillips@siebman.com
Siebman, Burg, Phillips & Smith, LLP
300 North Travis Street
Sherman, Texas 75090

Michael C. Smith    michaelsmith@siebaln.com
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75671

_____
Robert E. Goodman, Jr.

PLAINTIFF, JEFFERY M. DAVIS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MARK T. EDDINGSTON, | § | |
| JEFFERY M. DAVIS, | § | |
| ELRIDGE NICHOLAS BOLLICH, | § | |
| RAY A. COX and GEORGE GALANIS, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 2:12-CV-00422 |
| | § | |
| v. | § | |
| | § | |
| UBS FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF, MARK T. EDDINGSTON'S, ANSWERS TO FIRST AND SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT

Plaintiff, Mark T. Eddingston, hereby provides the following answers to Defendant's first set of interrogatories

1.      Identify each and every person who assisted you in answering these Interrogatories and in responding to Defendant's First Request for Production of Documents, and specify to which Interrogatory and Document Request and subpart that person provided assistance or input and the nature of such assistance or input.

ANSWER:

I was aided in the answering of these interrogatories by my attorneys, Robert E. Goodman, Jr., Theodore C. Anderson and their paralegal, Tara Mills.

2.      For each person you believe has knowledge of any of the facts underlying any of the claims in the Amended Complaint or the subject matter of this litigation, please state: (a) full name, last known home and business addresses and telephone numbers, and relationship to you; (b) current employer and position and, if formerly employed by Defendant, state when and what position; (c) the facts or information which you believe to be the substance of his or her knowledge and the source of such knowledge; and (d) the identity of any documents which relate to the person's information or knowledge, including without limitation any written statements.

ANSWER:

I am the only individual with knowledge of the underlying facts in the Amended Complaint as they apply to me.

3.     Identify each and every person, other than your attorneys, with whom you have discussed the allegations in the Amended Complaint or the subject matter of this litigation, and for each such person, please state: (a) the full name, last known home and business addresses and telephone numbers, and relationship to you; (b) when and where the discussion(s) or communication(s) took place; (c) the identity of each person present during such discussion(s) or

ANSWER:

I have had no discussions other than those involving other Plaintiffs in this action.

4.     Identify each person from Defendant who, either individually or as part of a group, communicated with you, orally or in writing, regarding the Plan. For each such person, specify the nature of the communication; the date when the communication took place; what the individual said about the Plan; what statements, if any, you made during the communication; witnesses, if any, to the communication(s); and any notes or documents relating to the communication(s).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have had no discussions other than those involving other Plaintiffs in this action.

5.     Identify in detail your calculations as to damages and any other relief to which you believe you are entitled and for which you seek redress against Defendant, and for each element of damages or other relief identify: (a) each and every fact upon which you base your entitlement contention; (b) all documents relating or referring to any facts which form the bases of your entitlement contention; (c) each and every person who may have knowledge of the facts underlying your entitlement contention; and (d) each and every document relating to your alleged damages and any other information provided in your answer to this Interrogatory.

ANSWER:

I object to this interrogatory as overly broad and burdensome. The information is possessed and known by Defendant. Subject to and without waiving the foregoing objection, Firm Contributions, Market Interest and Turbo Interest forfeited as calculated by The Newport Group are the basis for my damage calculations. I am attaching a copy of the forfeiture calculation.

PLAINTIFF, MARK T. EDDINGSTON'S, ANSWERS TO FIRST
SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 2

6.     Identify any person (other than counsel) from whom you or your attorneys have obtained or will obtain a written statement of any kind relating to any fact, allegation, claim, issue or defense raised in this action. For each such person, describe the substance of such statements. Identify all documents relating to same.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have not identified any such individuals at this time.

7.     If, in support of your claims as described in the Amended Complaint, you rely on any specific communications or documents which you contend directly evidence or support your allegations, identify each and every such communication or document.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, the documents relied on in support of my claim as described in the Amended Complaint are those referred to in the Amended Complaint and the document referred to in my answer to Interrogatory No. 5.

8.     If you contend that Defendant, by any of its officers, agents managers, or employees, has made any admissions or declarations against interest concerning the subject matter of this action, please identify the person making the statement and identify the statement allegedly made (and if in writing, attach a copy).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, such persons have not been identified at this time.

9.     Describe in detail any communications with potential class members regarding this litigation. For each such person, specify the nature of the communication, the date when the communication took place, what was said by the potential class member, what statements, if any, you made during the communication, witnesses, if any, and any notes you took of the communication.

ANSWER:

None.

10.     Identify each person whom you intend to call as a witness at any hearing or trial in this matter.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have yet to determine who will be called as a witness at any hearing or trial.

11.     Identify all employers (including yourself) who have offered you employment or for whom you have worked since your employment with UBS ended and through the date of trial, identifying: the company name, address, and location; the dates you were employed by such other employers (including yourself); your positions with such employers; your supervisors' names and titles; a brief description of your job duties; your rate of pay as well as earnings, compensation and other benefits you received during such employment; and if you left the employment, the reasons for your separation from employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan. Subject to and without waiving the foregoing objection, the names of, and dates of my employment, with subsequent employers, this information is readily available to you on FINRA BrokerCheck.

12.     For all employers identified in response to the foregoing interrogatory, identify and describe your efforts to become employed with such employer, including each person who recruited you; each person who interviewed you; the date you first expressed interest in employment with the employer; your reasons for seeking employment outside UBS; any pre-employment communications with representatives of the employer; any applications or resumes submitted; and your reasons for accepting such employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan.

PLAINTIFF, MARK T. EDDINGSTON'S, ANSWERS TO FIRST
SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 4

<u>VERIFICATION</u>

STATE OF TEXAS        §
                     §
COUNTY OF JEFFSERON  §

Before me, the undersigned Notary Public, personally appeared Mark T. Eddingston, who, being by me duly sworn, deposed and stated that he is a Plaintiff in this action and that the facts stated in the foregoing Plaintiff, Mark T. Eddingston's, Answers to First and Second Sets of Interrogatories Propounded by Defendant are within his personal knowledge and are true and correct.

_____
Mark T. Eddingston

SUBSCRIBED AND SWORN TO BEFORE ME this 28 day of March, 2013.

_____
Notary Public

BRANDY DAWN HEAD
My Commission Expires
January 14, 2016

Respectfully submitted,

Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099; (214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, California 90248
(424) 212-7090; (424) 212-7001 (telecopy)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, Texas 75204
(214) 736-4524; (214) 594-5897 (telecopy)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111; (281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, PC
104 East Houston Street, Suite 300
Marshall, Texas  75670
(903) 923-9000; (903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record by the method indicated below this 27th day of March, 2013 as follows:

By E-mail and U.S. First Class Mail

Eugene Scalia                    escalia@gibsondunn.com
Paul Blankenstein                pblankenstein@gibsondunn.com
William J. Kilberg               wkilberg@gibsondunn.com
Gibson Dunn
1050 Connecticut Avenue, NW
Washington, D.C.  20036-5306

Charles C. Jackson               charles.jackson@morganlewis.com
Deborah S. Davidson              ddavidson@morganlewis.com
Andrew Scroggins                 ascroggins@morganlewis.com
Morgan Lewis & Bockius, LLP
77 West Wacker Drive
Chicago, Illinois 60601

Ira G. Rosenstein                irosenstein@morganlewis.com
Samuel S. Shaulson               sshaulson@morganlewis.com
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060

Ellen LeGrand Perlioni           ellen.perlioni@morganlewis.com
Morgan Lewis & Bockius, LLP
1717 Main Street
Dallas, Texas 75201

Lawrence Augustine Phillips      larryphillips@siebman.com
Siebman, Burg, Phillips & Smith, LLP
300 North Travis Street
Sherman, Texas 75090

Michael C. Smith                 michaelsmith@siebman.com
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75671

_____
Theodore C. Anderson

PLAINTIFF, MARK T. EDDINGSTON'S, ANSWERS TO FIRST
SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| BILL HENDRICKS and | § | |
| AUBREY B. STACY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. 2:12-CV-00606 |
| | § | |
| UBS FINANCIAL SERVICES, INC. | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF, BILL HENDRICKS', ANSWERS TO FIRST AND SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT

Plaintiff, Bill Hendricks, hereby provides the following answers to Defendant's first set of interrogatories

1.     Identify each and every person who assisted you in answering these Interrogatories and in responding to Defendant's First Request for Production of Documents, and specify to which Interrogatory and Document Request and subpart that person provided assistance or input and the nature of such assistance or input.

ANSWER:

I was aided in the answering of these interrogatories by my attorneys, Robert E. Goodman, Jr., Theodore C. Anderson and their paralegal, Tara Mills.

2.     For each person you believe has knowledge of any of the facts underlying any of the claims in the Amended Complaint or the subject matter of this litigation, please state: (a) full name, last known home and business addresses and telephone numbers, and relationship to you; (b) current employer and position and, if formerly employed by Defendant, state when and what position; (c) the facts or information which you believe to be the substance of his or her knowledge and the source of such knowledge; and (d) the identity of any documents which relate to the person's information or knowledge, including without limitation any written statements.

ANSWER:

I am the only individual with knowledge of the underlying facts in the Amended Complaint as
they apply to me.

3.     Identify each and every person, other than your attorneys, with whom you have discussed
the allegations in the Amended Complaint or the subject matter of this litigation, and for each
such person, please state: (a) the full name, last known home and business addresses and
telephone numbers, and relationship to you; (b) when and where the discussion(s) or
communication(s) took place; (c) the identity of each person present during such discussion(s) or

ANSWER:

I have had no discussions other than those involving other Plaintiffs in this action.

4.     Identify each person from Defendant who, either individually or as part of a group,
communicated with you, orally or in writing, regarding the Plan. For each such person, specify
the nature of the communication; the date when the communication took place; what the
individual said about the Plan; what statements, if any, you made during the communication;
witnesses, if any, to the communication(s); and any notes or documents relating to the
communication(s).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant
in that it requests information related to the merits of the case rather than the issue of class
certification. Subject to and without waiving the foregoing objection, I had communication with
the following individuals regarding the Plan, copies of which are being concurrently produced
with my responses to Defendant's First and Second Requests for Production.

    a.     Jerome A. Lichtstein, Executive Vice President – July 17, 1995
    b.     Jerome A. Lichtstein, Executive Vice President – November 9, 1995
    c.     John Wethington – November 21, 1995
    d.     Ron Safir – February 16, 1996
    e.     Jerome A. Lichtstein, Executive Vice President – March 14, 1996
    f.     Tim McDonnell – 1998
    g.     Michael A. Davis, Executive Vice President – March 10, 1999
    h.     Jane Eisland, Director of Compensation – 2001
    i.     Jane Eisland, Director of Compensation – March 3, 2008
    j.     Tony Tarrab, Regional Manager – July 30, 2008
    k.     Justin Steers, Market Area Manager – July 30, 2008

5.     Identify in detail your calculations as to damages and any other relief to which you
believe you are entitled and for which you seek redress against Defendant, and for each element

PLAINTIFF, BILL HENDRICKS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 2

of damages or other relief identify: (a) each and every fact upon which you base your entitlement contention; (b) all documents relating or referring to any facts which form the bases of your entitlement contention; (c) each and every person who may have knowledge of the facts underlying your entitlement contention; and (d) each and every document relating to your alleged damages and any other information provided in your answer to this Interrogatory.

ANSWER:

I object to this interrogatory as overly broad and burdensome. The information is possessed and known by Defendant. Subject to and without waiving the foregoing objection, Firm Contributions, Market Interest and Turbo Interest forfeited as calculated by The Newport Group are the basis for my damage calculations. I am attaching a copy of the forfeiture calculation.

6.     Identify any person (other than counsel) from whom you or your attorneys have obtained or will obtain a written statement of any kind relating to any fact, allegation, claim, issue or defense raised in this action. For each such person, describe the substance of such statements. Identify all documents relating to same.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have not identified any such individuals at this time.

7.     If, in support of your claims as described in the Amended Complaint, you rely on any specific communications or documents which you contend directly evidence or support your allegations, identify each and every such communication or document.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, the documents relied on in support of my claim as described in the Amended Complaint are those referred to in the Amended Complaint and the document referred to in my answer to Interrogatory No. 5.

8.     If you contend that Defendant, by any of its officers, agents managers, or employees, has made any admissions or declarations against interest concerning the subject matter of this action, please identify the person making the statement and identify the statement allegedly made (and if in writing, attach a copy).

PLAINTIFF, BILL HENDRICKS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 3

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, such persons have not been identified at this time.

9.      Describe in detail any communications with potential class members regarding this litigation. For each such person, specify the nature of the communication, the date when the communication took place, what was said by the potential class member, what statements, if any, you made during the communication, witnesses, if any, and any notes you took of the communication.

ANSWER:

None.

10.     Identify each person whom you intend to call as a witness at any hearing or trial in this matter.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have yet to determine who will be called as a witness at any hearing or trial.

11.     Identify all employers (including yourself) who have offered you employment or for whom you have worked since your employment with UBS ended and through the date of trial, identifying: the company name, address, and location; the dates you were employed by such other employers (including yourself); your positions with such employers; your supervisors' names and titles; a brief description of your job duties; your rate of pay as well as earnings, compensation and other benefits you received during such employment; and if you left the employment, the reasons for your separation from employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan. Subject to and without waiving the foregoing objection, the names of, and dates of my employment, with subsequent employers, this information is readily available to you on FINRA BrokerCheck.

12.     For all employers identified in response to the foregoing interrogatory, identify and describe your efforts to become employed with such employer, including each person who recruited you; each person who interviewed you; the date you first expressed interest in employment with the employer; your reasons for seeking employment outside UBS; any pre-employment communications with representatives of the employer; any applications or resumes submitted; and your reasons for accepting such employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan.

## VERIFICATION

STATE OF CALIFORNIA          §
                             §
COUNTY OF SACRAMENTO         §

Before me, the undersigned Notary Public, personally appeared Bill Hendricks, who, being by me duly sworn, deposed and stated that he is a Plaintiff in this action and that the facts stated in the foregoing Plaintiff, Bill Hendricks', Answers to First and Second Sets of Interrogatories Propounded by Defendant are within his personal knowledge and are true and correct.

_____
Bill Hendricks

SUBSCRIBED AND SWORN TO BEFORE ME this 27 day of March, 2013.

JASMEET AHLUWALIA
COMM. # 1960337
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES DEC. 10, 2015

_____
Notary Public

PLAINTIFF, BILL HENDRICKS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 6

Respectfully submitted,

_____
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099; (214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, California 90248
(424) 212-7090; (424) 212-7001 (telecopy)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, Texas 75204
(214) 736-4524; (214) 594-5897 (telecopy)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111; (281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, PC
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000; (903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record by the method indicated below this 27th day of March, 2013 as follows:

By E-mail and U.S. First Class Mail

Eugene Scalia                           escalia@gibsondunn.com
Paul Blankenstein                       pblankenstein@gibsondunn.com
William J. Kilberg                      wkilberg@gibsondunn.com
Gibson Dunn
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306

Charles C. Jackson                      charles.jackson@morganlewis.com
Deborah S. Davidson                     ddavidson@morganlewis.com
Andrew Scroggins                        ascroggins@morganlewis.com
Morgan Lewis & Bockius, LLP
77 West Wacker Drive
Chicago, Illinois 60601

Ira G. Rosenstein                       irosenstein@morganlewis.com
Samuel S. Shaulson                      sshaulson@morganlewis.com
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060

Ellen LeGrand Perlioni                  ellen.perlioni@morganlewis.com
Morgan Lewis & Bockius, LLP
1717 Main Street
Dallas, Texas 75201

Lawrence Augustine Phillips             larryphillips@siebman.com
Siebman, Burg, Phillips & Smith, LLP
300 North Travis Street
Sherman, Texas 75090

Michael C. Smith                        michaelsmith@siebman.com
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75671

_____
Theodore C. Anderson

PLAINTIFF, BILL HENDRICKS', ANSWERS TO FIRST AND
SECOND SETS OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BILL HENDRICKS and | § | |
| AUBREY B. STACY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | Civil Action No. 2:12-CV-00606 |
| | § | |
| UBS FINANCIAL SERVICES, INC. | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF, AUBREY B. STACY'S, ANSWERS TO FIRST
### SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT

Plaintiff, Aubrey B. Stacy, hereby provides the following answers to Defendant's first set of interrogatories

1.      Identify each and every person who assisted you in answering these Interrogatories and in responding to Defendant's First Request for Production of Documents, and specify to which Interrogatory and Document Request and subpart that person provided assistance or input and the nature of such assistance or input.

ANSWER:

I was aided in the answering of these interrogatories by my attorneys, Robert E. Goodman, Jr., Theodore C. Anderson and their paralegal, Tara Mills.

2.      For each person you believe has knowledge of any of the facts underlying any of the claims in the Amended Complaint or the subject matter of this litigation, please state: (a) full name, last known home and business addresses and telephone numbers, and relationship to you; (b) current employer and position and, if formerly employed by Defendant, state when and what position; (c) the facts or information which you believe to be the substance of his or her knowledge and the source of such knowledge; and (d) the identity of any documents which relate to the person's information or knowledge, including without limitation any written statements.

ANSWER:

I am the only individual with knowledge of the underlying facts in the Amended Complaint as they apply to me.

3.      Identify each and every person, other than your attorneys, with whom you have discussed the allegations in the Amended Complaint or the subject matter of this litigation, and for each such person, please state: (a) the full name, last known home and business addresses and telephone numbers, and relationship to you; (b) when and where the discussion(s) or communication(s) took place; (c) the identity of each person present during such discussion(s) or

ANSWER:

I have had no discussions other than those involving other Plaintiffs in this action.

4.      Identify each person from Defendant who, either individually or as part of a group, communicated with you, orally or in writing, regarding the Plan. For each such person, specify the nature of the communication; the date when the communication took place; what the individual said about the Plan; what statements, if any, you made during the communication; witnesses, if any, to the communication(s); and any notes or documents relating to the communication(s).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have had no discussions other than those involving other Plaintiffs in this action.

5.      Identify in detail your calculations as to damages and any other relief to which you believe you are entitled and for which you seek redress against Defendant, and for each element of damages or other relief identify: (a) each and every fact upon which you base your entitlement contention; (b) all documents relating or referring to any facts which form the bases of your entitlement contention; (c) each and every person who may have knowledge of the facts underlying your entitlement contention; and (d) each and every document relating to your alleged damages and any other information provided in your answer to this Interrogatory.

ANSWER:

I object to this interrogatory as overly broad and burdensome. The information is possessed and known by Defendant. Subject to and without waiving the foregoing objection, Firm Contributions, Market Interest and Turbo Interest forfeited as calculated by The Newport Group are the basis for my damage calculations. I am attaching a copy of the forfeiture calculation.

6.      Identify any person (other than counsel) from whom you or your attorneys have obtained or will obtain a written statement of any kind relating to any fact, allegation, claim, issue or defense raised in this action.  For each such person, describe the substance of such statements. Identify all documents relating to same.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, I have not identified any such individuals at this time.

7.      If, in support of your claims as described in the Amended Complaint, you rely on any specific communications or documents which you contend directly evidence or support your allegations, identify each and every such communication or document.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, the documents relied on in support of my claim as described in the Amended Complaint are those referred to in the Amended Complaint and the document referred to in my answer to Interrogatory No. 5.

8.      If you contend that Defendant, by any of its officers, agents managers, or employees, has made any admissions or declarations against interest concerning the subject matter of this action, please identify the person making the statement and identify the statement allegedly made (and if in writing, attach a copy).

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification.  Subject to and without waiving the foregoing objection, such persons have not been identified at this time.

9.      Describe in detail any communications with potential class members regarding this litigation. For each such person, specify the nature of the communication, the date when the communication took place, what was said by the potential class member, what statements, if any, you made during the communication, witnesses, if any, and any notes you took of the communication.

ANSWER:

None.

10.     Identify each person whom you intend to call as a witness at any hearing or trial in this matter.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant in that it requests information related to the merits of the case rather than the issue of class certification. Subject to and without waiving the foregoing objection, I have yet to determine who will be called as a witness at any hearing or trial.

11.     Identify all employers (including yourself) who have offered you employment or for whom you have worked since your employment with UBS ended and through the date of trial, identifying: the company name, address, and location; the dates you were employed by such other employers (including yourself); your positions with such employers; your supervisors' names and titles; a brief description of your job duties; your rate of pay as well as earnings, compensation and other benefits you received during such employment; and if you left the employment, the reasons for your separation from employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan. Subject to and without waiving the foregoing objection, the names of, and dates of my employment, with subsequent employers, this information is readily available to you on FINRA BrokerCheck.

12.     For all employers identified in response to the foregoing interrogatory, identify and describe your efforts to become employed with such employer, including each person who recruited you; each person who interviewed you; the date you first expressed interest in employment with the employer; your reasons for seeking employment outside UBS; any pre-employment communications with representatives of the employer; any applications or resumes submitted; and your reasons for accepting such employment.

ANSWER:

I object to this interrogatory on the ground that the request seeks information that is not relevant to any claim or defense or calculated to lead to admissible evidence relevant to a claim or defense other than information as to my participation in the PartnerPlus Plan.

PLAINTIFF, AUBREY B. STACY'S, ANSWERS TO FIRST
SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 4

<u>VERIFICATION</u>

STATE OF TEXAS           §
                        §
COUNTY OF TARRANT        §

     Before me, the undersigned Notary Public, personally appeared Aubrey B. Stacy, who, being by me duly sworn, deposed and stated that he is a Plaintiff in this action and that the facts stated in the foregoing Plaintiff, Aubrey B. Stacy's, Answers to First Set of Interrogatories Propounded by Defendant are within his personal knowledge and are true and correct.

                                     Aubrey B. Stacy

     SUBSCRIBED AND SWORN TO BEFORE ME this _27th_ day of March, 2013.

DAMAH RANKIN
My Commission Expires
January 18, 2015

                                       Notary Public

Respectfully submitted,

_____
Theodore C. Anderson
State Bar No. 01215700
tca@kilgorelaw.com
Robert E. Goodman, Jr., Lead Attorney
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099; (214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, California 90248
(424) 212-7090; (424) 212-7001 (telecopy)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, Texas 75204
(214) 736-4524; (214) 594-5897 (telecopy)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111; (281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, PC
104 East Houston Street, Suite 300
Marshall, Texas 75670
(903) 923-9000; (903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record by the method indicated below this 27th day of March, 2013 as follows:

By E-mail and U.S. First Class Mail

Eugene Scalia                           escalia@gibsondunn.com
Paul Blankenstein                       pblankenstein@gibsondunn.com
William J. Kilberg                      wkilberg@gibsondunn.com
Gibson Dunn
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306

Charles C. Jackson                      charles.jackson@morganlewis.com
Deborah S. Davidson                     ddavidson@morganlewis.com
Andrew Scroggins                        ascroggins@morganlewis.com
Morgan Lewis & Bockius, LLP
77 West Wacker Drive
Chicago, Illinois 60601

Ira G. Rosenstein                       irosenstein@morganlewis.com
Samuel S. Shaulson                      sshaulson@morganlewis.com
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178-0060

Ellen LeGrand Perlioni                  ellen.perlioni@morganlewis.com
Morgan Lewis & Bockius, LLP
1717 Main Street
Dallas, Texas 75201

Lawrence Augustine Phillips             larryphillips@siebman.com
Siebman, Burg, Phillips & Smith, LLP
300 North Travis Street
Sherman, Texas 75090

Michael C. Smith                        michaelsmith@siebman.com
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75671

Theodore C. Anderson

PLAINTIFF, AUBREY B. STACY'S, ANSWERS TO FIRST
SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT – Page 8