**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MARK T. EDDINGSTON, et al. | § § | |
| v. | § § | Case No. 2:12-CV-422-JRG-RSP |
| UBS FINANCIAL SERVICES, INC. | § § | |
| | | |
| BILL HENDRICKS, et al. | § § | |
| v. | § § | Case No. 2:12-CV-606-JRG-RSP |
| UBS FINANCIAL SERVICES, INC. | § § | |

**ORDER**

Currently before the Court are the Report and Recommendations signed by Magistrate Judge Roy Payne on June 12, 2013 (Dkt. Nos. 133 and 117, respectively) recommending that Plaintiffs' Amended Motions to Certify Class (Dkt. Nos. 59 and 53, respectively) be granted.

The Court first notes that the Magistrate Judge's Report and Recommendations reflect the "rigorous analysis" of Rule 23 factors required to support a finding that class certification is appropriate. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Court has considered the objections filed by Defendant. The only new issue raised by Defendant is the applicability of the Supreme Court's recent decision in *Am. Express Co. v. Italian Colors Restaurant*. In that case, the Court held that "[t]he FAA does not permit courts to invalidate a contractual waiver of class arbitration on the ground that the plaintiff's cost of individually arbitrating a federal statutory claim exceeds the potential recovery." No. 12–133, slip op. at 1 (June 20, 2013). The Court's opinion in *Italian Colors* does not affect this case because the Magistrate Judge's Report and Recommendation did not suggest "invalidat[ing] a contractual

waiver."[1] *Id*. Instead, the Magistrate Judge found that Plaintiffs had in fact "not waived their right to a class action" based on the language contained in the documents at issue. (*See*, *e.g.*, Dkt. No. 133 at 5.) The rest of Defendant's objections simply rehash the arguments already presented to the Court, which are unavailing for the reasons set forth in the Magistrate Judge's Report and Recommendations.

Having considered the Objections filed by Defendant in the Eddingston case (Dkt. No. 138) and in the Hendricks case (Dkt. No. 122), and finding them to be without sufficient merit, the Recommendations are adopted. Accordingly,

IT IS ORDERED that Plaintiffs' Amended Motions to Certify Class in the Eddingston case (Dkt. No. 59) and in the Hendricks case (Dkt. No. 53) are **GRANTED**. Further, Defendant's Motions for Hearing regarding the objections in the Eddingston case (Dkt. No. 139) and in the Hendricks case (Dkt. No. 123) are **DENIED**.

**So ORDERED and SIGNED this 9th day of September, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] The Court has also considered the recent Fifth Circuit decision in *Kopp v. Klein, et al.*, No. 12-10416 (5th Cir. July 9, 2013), which does not affect the Magistrate Judge's analysis.