IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MARK T. EDDINGSTON, | § |
| JEFFERY M. DAVIS | § |
| ELRIDGE NICHOLAS BOLLICH | § |
| and RAY A. COX | § |
| | § |
| Plaintiffs, | § |
| | § |
| V. | § Civil Action No. 2:12-CV-00422 |
| | § |
| UBS FINANCIAL SERVICES, INC. | § |
| | § |
| Defendant. | § |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BILL HENDRICKS, | § |
| AUBREY B. STACY | § |
| | § |
| Plaintiffs, | § |
| | § |
| V. | § Civil Action No. 2:12-CV-00606 |
| | § |
| UBS FINANCIAL SERVICES, INC. | § |
| | § |
| Defendant. | § |

PLAINTIFFS' RESPONSE TO DEFENDANT'S RENEWED
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND COMPEL ARBITRATION

Plaintiffs hereby respond to Defendant's renewed motion to dismiss Plaintiffs' complaint and compel arbitration:

1. It is true that, in light of the decision of the Fifth Circuit Court of Appeals, this Court must compel arbitration. However, an appeal of the decision may be made by Plaintiffs to the United

States Supreme Court at any time prior to March 1, 2014, and could be accompanied by either an agreed or involuntary stay.

2.In the meantime, based on the decision itself, it is not appropriate for this Court to simply enter an order compelling arbitration without more, as Defendant's motion and proposed order suggest. The Court of Appeals' decision included the following statement:

> We conclude that the PartnerPlus Plan's lack of a class waiver does not relieve the Plaintiffs from their independent obligation to submit their claim to arbitration based on the Compensation Plan. Nevertheless, having concluded that the Compensation Plan's arbitration provision requires the Plaintiffs to submit their claim to arbitration, we leave for the FINRA arbitration panel to decide whether the class waiver requires the Plaintiffs to arbitrate on an individual basis.

In support of that proposition, the Court of Appeals cited Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 451 (2003), addressing the issue of class arbitration. The decision, however, also cited Petrofax, Inc. v DynMcDermott Petroleum Operations Co., 687 F.3d 671, 675 (5th Cir. 2012), addressing the threshold issue of arbitrability, and observed, with respect to the issue of arbitrability tied to Plaintiffs' request for injunctive relief:

> Nevertheless, in light of the Plaintiffs' broad request for all appropriate equitable relief under §1132(a)(3) and our conclusion that the dispute must, in the first instance, be sent to arbitration, we leave the initial decision of the scope of arbitration to the arbitration panel. See Bazzle, 539 U.S. at 451; Petrofac, 687 F.3d at 675.

In footnote 4 of its decision, finally, the Court of Appeals also further deferred to an arbitration panel the determination of the effect of FINRA Rule 13204, "provid[ing] that a '[c]lass action claim[ ] may not be arbitrated,'" stating, "[h]aving concluded that the arbitration clause in the Compensation Plan requires arbitration, we leave for the arbitrator to determine this rule's potential effect of the arbitration proceedings."

3.By refusing, as indicated, to resolve threshold issues of arbitrability, including the scope of arbitration, tied to enforceability of the class waiver and Plaintiffs' request for injunctive

relief, the Court of Appeals recognized that the FINRA arbitration panel may actually find Plaintiffs' claims not arbitrable at all, or only in part, and may, under Rule 13204, throw all or part of Plaintiffs' claims back to this Court.  In light of these possibilities, the order to be entered should stay, rather than dismiss, this action, pending an arbitration panel's decision as to enforceability of the class waiver and the significance of Plaintiffs' request for injunctive relief, and the implication of a determination of such issues under FINRA Rule 13204.  Any order compelling arbitration should further specifically direct the arbitration panel, as a threshold matter, to address the questions of arbitrability, including scope of arbitration, tied to such issues and also address the issue of class arbitration.

WHEREFORE, Plaintiffs request that the Court enter an order in the form of that attached rather than the order proposed by Defendant.

>Respectfully submitted,
>
>/s/ Robert E. Goodman, Jr.
>Robert E. Goodman, Jr., Lead Attorney
>State Bar No. 08158100
>reg@kilgorelaw.com
>Theodore C. Anderson
>State Bar No. 01215700
>tca@kilgorelaw.com
>Ashley E. Tremain
>State Bar No. 24066209
>aet@kilgorelaw.com
>Kilgore & Kilgore PLLC
>3109 Carlisle Street
>Dallas, Texas 75204
>(214) 969-9099; (214) 953-0133 (telecopy)

Peter K. Stris (*pro hac vice*)
peter.stris@strismaher.com
Victor O'Connell (*pro hac vice*)
victor.oconnell@strismaher.com
Stris & Maher LLP
19210 S. Vermont Ave.
Building E
Gardena, California 90248
(424) 212-7090; (424) 212-7001 (telecopy)

Brendan S. Maher
State Bar No. 24053336
brendan.maher@strismaher.com
Stris & Maher LLP
4144 N. Central Expy., Suite 1230
Dallas, Texas 75204
(214) 736-4524; (214) 594-5897 (telecopy)

Brian E. Bro
State Bar No. 03030000
brian@bebroatty.com
Law Offices of Brian E. Bro
3200 SW Freeway, Suite 2200
Houston, Texas 77027
(713) 961-3111; (281) 265-9181(telecopy)

Sam F. Baxter
State Bar No. 01938000
sbaxter@mckoolsmith.com
Theodore Stevenson, III
State Bar No. 19196650
tstevenson@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, PC
104 East Houston Street, Suite 300
Marshall, Texas  75670
(903) 923-9000; (903) 923-9099 (telecopy)

COUNSEL FOR PLAINTIFFS

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon Defendant's counsel of record through this Court's electronic filing system this 20th day of December, 2013 as follows:

Eugene Scalia
Paul Blankenstein
William J. Kilberg
Gibson Dunn
1050 Connecticut Avenue, NW
Washington, D.C. 20036

Michael C. Smith
Siebman, Burg, Phillips & Smith, LLP
113 East Austin Street
Marshall, Texas 75670

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.