IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARK T. EDDINGSTON, <br> JEFFERY M. DAVIS, <br> ELDRIDGE NICHOLAS BOLLICH, and <br> RAY A. COX, <br><br> Plaintiffs, <br><br> v. <br><br> UBS FINANCIAL SERVICES INC., <br><br> Defendant. | § | CIVIL ACTION NO. 2:12-CV-00422 |
| BILL HENDRICKS and <br> AUBREY B. STACY, <br><br> Plaintiffs, <br><br> v. <br><br> UBS FINANCIAL SERVICES INC., <br><br> Defendant. | § | CIVIL ACTION NO. 2:12-CV-00606 |

**DEFENDANT UBS FINANCIAL SERVICES INC.'S REPLY
IN SUPPORT OF RENEWED MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS
AND COMPEL ARBITRATION**

As plaintiffs acknowledge, "this Court must compel arbitration." Pls. Resp. at 1. The Court should then dismiss the complaints because nothing will remain for judicial resolution. This is confirmed by the Fifth Circuit's recent order vacating this Court's class certification order. *See Hendricks v. UBS Fin. Servs. Inc.*, No. 13-90047 (5th Cir. Jan. 2, 2014).

**ARGUMENT**

1. The judicial role under the Federal Arbitration Act ("FAA") is limited to determining "whether the parties have a valid arbitration agreement at all," and "whether a concededly binding arbitration clause applies to a certain type of controversy." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003); *accord Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Personnel of Tex., Inc.*, 343 F.3d 355, 359 (5th Cir. 2003). The Fifth Circuit unambiguously resolved both of these "arbitrability" questions in favor of arbitration: "[T]he Compensation Plan's arbitration provision requires the Plaintiffs to submit their claim to arbitration." *Hendricks v. UBS Fin. Servs. Inc.*, 2013 WL 5969888, at *5 (5th Cir. 2013).

Plaintiffs, however, ask the Court to "specifically direct the arbitration panel, as a threshold matter, to address the questions of arbitrability, including scope of arbitration, tied to such issues and also address the issue of class arbitration." Pls. Resp. at 3. But there are no threshold questions of arbitrability left to decide following the Fifth Circuit's ruling. Moreover, this Court does not have authority to issue such "direct[ion]." *See Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 461 (5th Cir. 2010); *Smith, Barney, Harris Upham & Co. v. Robinson*, 12 F.3d 515, 520-21 (5th Cir. 1994) (per curiam). Under the FAA, the court is only to "direct the *parties* to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (emphasis added). A federal court does not accompany an order compelling arbitra-

tion with instructions to the arbitrators in the way a court of appeals may remand a case to a district court.

This Court lacks power to give guidance to the FINRA arbitrators on matters of arbitration procedure—for example, the permissible number of depositions, the applicable limitations provision, or the proper remedies. It equally lacks power, in advance of any arbitral decision, to render advice on how the arbitration should be conducted or on whose behalf. Once the dispute passes from a federal court to an arbitrator, *all* remaining decisions are for the arbitrators alone to decide in the first instance, and this Court has no role in the adjudication unless and until the Court is asked to confirm or vacate an actual arbitration award. *Positive Software Solutions*, 619 F.3d at 461. As a result, any order "direct[ing]" the arbitrators to do anything would be both a violation of the Fifth Circuit's mandate and an abuse of discretion. *See Robinson*, 12 F.3d at 520-21 ("The district court cannot interfere with an arbitration proceeding—without abusing its discretion—if a valid arbitration agreement exists and the specific dispute falls within the substance and scope of that agreement").

2. What plaintiffs call "questions of arbitrability" actually concern *how* the arbitration will be conducted. As such, they are within the province of the arbitrators, not this Court. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684-85 (2010). It is for precisely this reason that the Fifth Circuit expressly left these issues for the arbitration panel to decide in the first instance. *See Hendricks*, 2013 WL 596988, at *4-5. By identifying these issues for the arbitrators, the Fifth Circuit did *not* invite this Court to weigh in on them—and plaintiffs' request for the Court to do so is an invitation to error.

First, plaintiffs point to the Fifth Circuit's statement that "we leave for the FINRA arbitration panel to decide whether the class waiver requires the Plaintiffs to *arbitrate* on an individ-

2

ual basis." Pls. Resp. at 2 (emphasis added). This statement merely acknowledges the arbitrators' role in determining how the arbitrations will be conducted. It in no way suggests further proceedings in this Court on the merits of plaintiffs' dispute. There is no question, moreover, as to the *enforceability* of class waiver agreements in the arbitration context; the Supreme Court has laid that dispute to rest. *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309-11 (2013); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1750-53 (2011). The Fifth Circuit of course adheres to those precedents. *See D.R. Horton, Inc. v. Nat'l Labor Relations Bd.*, _ F.3d _, 2013 WL 6231617, at *7 (5th Cir. 2013). As confirmed by the Fifth Circuit's recent order vacating the class-certification order, plaintiffs are required to submit their disputes with UBSFS to FINRA for arbitration pursuant to the terms of the Compensation Plans (as well as the FINRA Code of Arbitration Procedure). If plaintiffs adhere to their contractual obligations, then there will be nothing for the arbitrators to decide with respect to the class waiver provision. If, however, plaintiffs once again breach their contractual promises and try to arbitrate on a class, collective, or other aggregate basis, then the Fifth Circuit has determined in this case that the arbitrators will apply the class waiver provision in the first instance. *Cf. Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452-53 (2003) (class waiver affects the "*kind of arbitration proceeding* the parties agreed to," and "not whether the parties wanted a judge or an arbitrator to decide *whether they agreed to arbitrate a matter*"); *see also Vilches v. Travelers Cos.*, 413 F. App'x 487, 492 (3d Cir. 2011).

Second, plaintiffs point to the Fifth Circuit's statement that it will be "for the arbitrator to determine [Rule 13204's] potential effect on the arbitration proceedings." Pls. Resp. at 2. Once again, this statement reflects the Fifth Circuit's conviction that there will indeed be "arbitration proceedings"; plaintiffs' time in this Court is done. Specifically, once this Court complies with

3

the Fifth Circuit's mandate and enters an order compelling arbitration, each plaintiff will have to file a Statement of Claim with FINRA. *See* FINRA Rule 13302. FINRA has declared that persons associated with FINRA members—including all the named plaintiffs—must submit disputes with members for arbitration pursuant to the provisions of the FINRA Code of Arbitration Procedure. FINRA Rule IM-13000. One of the provisions of that Code states that "class action claims may not be arbitrated under the Code." FINRA Rule 13204(a)(1). Given the Fifth Circuit's recent decision vacating the class certification order, it is even clearer that the FINRA Code (consistent with the Compensation Plans) requires plaintiffs to submit their disputes with UBSFS to FINRA for arbitration on a non-class basis. If plaintiffs comply with Rule 13204 at the outset, as they are bound to do, then the arbitrators will have no need to apply it. If, however, plaintiffs try to avoid the obligation imposed on them by both the Compensation Plans and the FINRA Rules, then the arbitrators will apply Rule 13204, as the Fifth Circuit observed.

Third, plaintiffs point to the Fifth Circuit's statement that "we leave the initial decision of the scope of arbitration to the arbitration panel." Pls. Resp. at 2. By "scope of arbitration," the Fifth Circuit was not referring to whether the parties' agreement encompassed plaintiffs' claims—the Court expressly stated that the Compensation Plan's "scope covers the Plaintiff's claim." *Hendricks*, 2013 WL 5969888, at *5. Rather, "scope" refers to how the arbitration will go forward, once plaintiffs submit their respective Statements of Claim to FINRA. If plaintiffs comply with the terms of the Compensation Plans and the FINRA Code, then their arbitral disputes will presumably proceed in the same manner as other arbitrations previously filed by former UBSFS employees making substantially similar claims (many of whom are represented by the same counsel). If, however, plaintiffs persist—notwithstanding both their contractual agreement and the FINRA Code—in seeking to arbitrate on a class basis, then the arbitrators will have

4

to decide in the first instance whether plaintiffs are precluded from proceeding in that fashion and, if they are not, whether such a procedure is permissible in the FINRA forum.

Each of these three issues was left "to the arbitration panel" precisely because none of them is ripe for judicial decision. Plaintiffs thus err in suggesting that this Court should stay, rather than dismiss these cases, because the *arbitrators* might conclude that there is some procedural or substantive impediment to arbitral resolution—including plaintiffs' own efforts to bring these claims on a class basis. The Fifth Circuit does not share that view. *Hendricks*, 2013 WL 5969888, at *5 (citing *Bazzle*, 539 U.S. at 451). This is confirmed by the appeals court's recent order *vacating* the class certification order; if the Fifth Circuit had considered the return of these cases a genuine possibility that the courts should provide for, it would merely have dismissed UBSFS's Rule 23(f) petitions as untimely, or remanded for further proceedings, rather than vacating the certification orders. Accordingly, the lawsuits should be dismissed with prejudice.

3. The Fifth Circuit's mandate is clear: Plaintiffs are parties to valid arbitration agreements that cover all claims asserted in this lawsuit, and therefore this Court must enter an order compelling them to submit their disputes to FINRA for arbitral resolution. This Court's sole remaining task is entering an order compelling arbitration. *Hendricks*, 2013 WL 596988, at *5 ("revers[ing] the denial of UBS's motions to compel arbitration and remand[ing] for entry of an order compelling arbitration"). Anything else, including issuance of the advisory opinion requested by plaintiffs, would be an unauthorized departure from the Fifth Circuit's mandate and an abuse of discretion.

Once the order compelling arbitration has been entered, the lawsuit should be dismissed with prejudice since there is nothing left for judicial resolution. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dis-

missal of the case when *all* of the issues raised in the district court must be submitted to arbitration"); *Pleasant v. Houston Works USA*, 236 F. App'x 89, 93 (5th Cir. 2007); *Bloxom v. Landmark Pub. Corp.*, 184 F. Supp. 2d 578, 585 (E.D. Tex. 2002). The Fifth Circuit's recent order vacating this Court's class certification order confirms that the dispute belongs before FINRA, not in federal court.

## CONCLUSION

The Court should compel arbitration of plaintiffs' claims, and dismiss plaintiffs' complaints.

Date: January 6, 2014                                              Respectfully submitted,

/s/ Eugene Scalia

William J. Kilberg (*pro hac vice*)
  (wkilberg@gibsondunn.com)
Michael C. Smith                          Eugene Scalia (*pro hac vice*)
  (michaelsmith@siebman.com)                (escalia@gibsondunn.com)
SIEBMAN, BURG, PHILLIPS & SMITH LLP   Paul Blankenstein (*pro hac vice*)
113 East Austin Street                      (pblankenstein@gibsondunn.com)
Marshall, TX 75670                      GIBSON, DUNN & CRUTCHER LLP
T. 903. 938.8900, F. 972.767.4620       1050 Connecticut Avenue, N.W.
                                        Washington, DC 20036
                                        T. 202.955.8693, F. 202.530.9532

*Attorneys for Defendant UBS Financial Services Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served on all counsel of record the foregoing Defendant UBS Financial Services Inc.'s Reply in Support of Renewed Motions to Dismiss Plaintiffs' Complaints and Compel Arbitration using the CM/ECF system pursuant to Local Rule CV-5(a)(7)(C) on January 6, 2014.

/s/ Eugene Scalia
Eugene Scalia